## HARTMAN v. THE CITY OF MUSCATINE.

1. **Cities and Towns:** INJURY ON DEFECTIVE CROSSING: CONTRIBUTORY NEGLIGENCE. Where plaintiff, in the use of the defendant's streets, knew that a certain crossing was dangerous, and knew, or ought to have known, that it was not prudent to walk over it, but yet he did so, and was injured, and he knew that there was another way which he might have taken without material inconvenience, *held* that he was guilty of contributory negligence, and could not recover. (See opinion for authorities.)

*Appeal from Muscatine District Court.*

## WEDNESDAY, DECEMBER 22.

ACTION to recover damages for an injury received by the plaintiff on the ground that the city had been negligent in

the construction of a crossing over a street. Trial by jury, judgment for the plaintiff, and defendant appeals.

*H. J. Lauder*, for appellant.

*Brannan, Jayne & Hoffman*, for appellee.

SEEVERS, J.—Some two or three years prior to the accident the city caused the street to be raised so that there was a slope from the street to the sidewalk. The plaintiff had knowledge of the condition of the street and slope, having passed over it daily for more than a year. The accident occurred in March, about 7 o'clock in the morning. There was a sidewalk on the northerly side of the street for some distance, and when the plaintiff left his home he traveled on such walk, and to the end thereof, when he attempted to cross the street to the southerly side, where there was a sidewalk. In so doing he passed over the slope or descent in the street. When passing down the slope he slipped, fell, and was injured. There had been a fall of sleet or snow during the previous day, which was Sunday, or the following night. This rendered the crossing more dangerous than it otherwise would have been, and the plaintiff testified that he knew it was dangerous when he made the attempt to cross. The plaintiff was not compelled to cross at that place, but could have passed up the street without increasing the distance or inconvenience, except such as would have occurred because of the difference between walking along the street or sidewalk.

It will be conceded that the plaintiff was not compelled to walk along the street, but that he had the right to cross, even if it was dangerous to do so. That is, he had the right to take the dangerous way if he saw proper; but the question remains whether he was not guilty of such contributory negligence, in so doing, as to prevent his recovery. The foregoing facts are in no respect controverted. This being so, the law must determine whether he can recover. *Mc-*

*Laury v. City of McGregor*, 54 Iowa, 717.   The mere fact
that the plaintiff knew the crossing was dangerous, and that
there was a safe way he could have taken, will not prevent a
recovery.   *Rice v. City of Des Moines*, 40 Iowa, 638; *Walker
v. Decatur Co.*, 67 Id., 307.   But if, knowing it was dan-
gerous, he knew, or ought to have known, that it was not
prudent to walk over the crossing and down the slope, and
there was another way he could have taken without material
inconvenience, then he cannot recover.   *Parkhill v. Town
of Brighton*, 61 Iowa, 103; *McGinty v. City of Keokuk*,
66 Id., 725.   Now we incline to think that it should be held
as a matter of law that the plaintiff, under the circumstances,
acted imprudently, and therefore cannot recover.   But if
this is not so, then the jury should have been instructed in
clear terms to this effect.   This was not done; but the court
instructed the jury that, as a " possible element of contribu-
tory negligence, it is proper to consider the question of the
knowledge of the plaintiff of the condition of the walk and
its effect upon the case," and whether or not there were
other convenient ways he could well have used.   Whether it
was prudent or not to pass over the crossing, was made only
a possible element in the case.   In our opinion it is controll-
ing, and the jury should have been so instructed.   To this
the defendant was clearly entitled, and whether it was entitled
to more than this it is unnecessary to determine.

REVERSED.