ELIZABETH PATTERSON v. THE CITY OF COUNCIL BLUFFS, Appellant.

WHETHER A BRICK WALK WAS SO JOINED TO A PLANK ONE AS TO AMOUNT TO NEGLIGENCE IS A QUESTION OF FACT.

*Appeal from Pottawattamie District Court.*—HON. N. W. MACY, Judge.

THURSDAY, MAY 24, 1894.

ACTION to recover for personal injuries sustained because of an alleged defect in a public sidewalk. Verdict and judgment for plaintiff. Defendant appeals.—*Affirmed.*

*Mayne & Hazelton* for appellant.

*E. E. Aylesworth* and *Donovan & Evans* for appellee.

GIVEN, J.—The single question presented on this appeal is whether the facts proven show negligence on the part of the defendant. The accident occurred on the sidewalk on Fifth avenue, between Tenth and Eleventh streets, and about the middle of the block. Formerly there had been a plank walk the entire length of the block. Part of this walk was removed in 1890, and replaced by a brick walk, put down by order of the city, under supervision of the city engineer. At the point where the new brick walk joined the old plank walk there was a perpendicular offset of nearly four inches. Plaintiff, while passing along the middle of the walk, in the dusk of the evening, not observing this offset, stepped with her foot partially over it, and, in consequence of the offset, fell and was injured. Appellant's only contention is that the city is not required to keep a perfectly smooth and level sidewalk, but a reasonably safe one; and that we should say, as a matter of law, that such an offset in the sidewalk does not render it other than reasonably safe, and that to permit it to be and remain is not negligence. That such an offset is more or less dangerous is amply demonstrated by the accident to the plaintiff. Whether such an offset is so dangerous as that to permit it is negligence depends upon the surrounding circumstances, such as the proximity of lights, the amount of travel, and the like. We think it was for the jury to determine, in the light of the circumstances, whether the city was negligent in permitting this offset, and that question was submitted to the jury under instructions against which no complaint is made. The facts warranted the jury in finding negligence. The judgment of the district court is AFFIRMED.