ALLEN W. SMITH, Appellee, v. CITY OF HAMBURG, Appellant.

No. 40640.

JUNE 20, 1931.

Ferguson & Ferguson, Vernon Johnson, for appellee.

John F. Porterfield, Thornell, Thornell & Adams, for appellant.

WAGNER, J.—At the close of plaintiff's evidence, the defendant-city moved for a directed verdict, upon the ground that the plaintiff has failed to show that he was free from contributory negligence, and that it is shown by the evidence that he was guilty of contributory negligence as a matter of law. This motion was overruled. The motion was renewed at the close of all of the evidence and again overruled. The appellant complains that the court erred in said rulings, and this is the sole matter presented to this court by the appellant.

In order to constitute contributory negligence, the plaintiff, at the time in question, must have done something which an ordinarily careful and prudent person, under the same or similar circumstances, would not have done, or failed to do something which an ordinarily careful and prudent person, under the same or similar circumstances, would have done, and which negligent act or failure to act contributed to his injury. The rule is well established that, when reasonably honest minds, having before them all of the facts upon the question of contributory negligence, could reach but one conclusion, the question then becomes one of law for the court; but, if under the proven or admitted facts, different minds might reasonably reach different conclusions, the question is then one of fact for the determination of the jury. Dreier v. McDermott, 157 Iowa 726; Barnhart v. The Chicago, Milwaukee & St. Paul Railway Company, 97 Iowa 654. The burden is upon the plaintiff to prove freedom from contributory negligence. As a general rule, the question of contributory negligence is one for the jury. See Burke v. Town of Lawton, 207 Iowa 585; Lundy v. City of Ames, 202 Iowa 100. It is also true, that, for the determination of the question before us, the evidence must be construed as a whole in the light most favorable to the plaintiff. The appellant relies for a reversal upon Lundy v. City of Ames, 202 Iowa 100. In said case it was shown that the plaintiff approached a familiar

condition in the sidewalk where there was an icy slope which he knew was dangerous, and which he said he thought he could get over safely. The evidence in said case discloses that at the time he was walking at an ordinary gait; that he was not thinking about the sidewalk and that he did no act or thing to avoid injury on the slippery and slanting place which he knew he was about to cross. There was no proof as to the manner in which he attempted to cross it, except that he went at an ordinary walk.

The appellee relies for affirmance upon Burke v. Town of Lawton, 207 Iowa 585, and Fosselman v. City of Dubuque, 211 Iowa 1212. The facts in the Lundy case are clearly distinguishable from the facts in the Lawton case, as therein clearly pointed out, and the facts in the Lundy case upon which the appellant herein relies are also clearly distinguishable from the facts in the instant case.

. We will now refer to some of the testimony which we think clearly makes the instant case a question for the jury. As we proceed, it must be borne in mind that there is no question as to negligence on the part of the defendant-city presented for our determination—that the only question presented is, as to contributory negligence on the part of the plaintiff. Argyle and Main Streets run north and south in the defendant city, Main Street being the next street east of Argyle Street. Main Street is paved from the business portion of the city south to the depot; Argyle Street to the west is not paved. At and for some time prior to the accident, the plaintiff resided nine blocks south of the business portion of the city, his residence being the second house from the corner and on the east side of Argyle Street. There was a walk on the west side of Argyle Street leading north, but no walk on the east side of said street from plaintiff's place of residence toward the business portion of the city. In going from plaintiff's residence to the business district it was his usual practice to go from his residence through the alley about a block to the west side of Main Street, where there was a walk leading to the business district, and it was also his practice in returning from his work to travel the same route. This route usually travelled by him was the most direct route from his home to the business portion of the city. The accident occurred about 6:30 P.M. on January 10, 1929. The weather

was very cold at that time and for a week or more prior thereto, and snow which had previously fallen and which had not been removed, was frozen upon the walk. The accident occurred on the walk at the boundary line of the Sullivan and Warnstaff properties. Immediately south of the boundary line of said properties there is a driveway leading from Main Street to the Sullivan garage. At the sidewalk there is a rise of about two feet and then a gradual slope upward toward the west of a distance of about 15 or 20 feet. The boys in the neighborhood had used this driveway for coasting purposes, coasting from some portion of the Sullivan lot down to and across the sidewalk. There is testimony that water had been poured in the vicinity of and along the sidewalk at the place in question, presumably for the purpose of making better coasting. At this point there was rough, bumpy, ridgy ice three or four inches thick and it was much slicker than in other places. The plaintiff was familiar with this condition. He had passed over it four times on the day of the accident and many times on the previous days. There was a foot or two of snow on the parking to the east of the walk. The plaintiff had come from his place of work to his home for the evening meal and had occasion to return to the business portion of the city to obtain provisions for the following day, and about 6:30 took the usual route and at the point in the sidewalk hereinbefore mentioned he slipped and fell and broke his hip. It had snowed sometime during the day and there was about a half inch of snow over the ice upon the sidewalk. Relative to the care exercised by him, the plaintiff testified that he was wearing a new pair of rubbers, with rough, corrugated soles; that he put the rubbers on to keep him from slipping around. As he proceeded, he had in mind this bad place in the walk. He testified as follows:

"Q. Now, I want you to tell the jury in what method you attempted to cross this toboggan slide in sliding across the sidewalk. A. Well, I was very careful because I knew it was slick there and I tried to be careful as I could to get across there. Q. What did you think about your overshoes, or rubbers, that time? A. I thought they would keep me from slipping, to a certain extent. Q. Well, what did you do when you got on to this coasting course across the sidewalk? A. Well, my feet went out from under me and I fell. It was raised up about three

or four inches and I stepped over it and my feet flew out from under me sideways and I fell on my left hip and I was unable to get up.''

Upon Cross-examination he testified as follows:

"Q. Now, when you were coming along there that night you were walking along at just the ordinary rate of speed, weren't you? A. No, when I got to that place I slowed up and went over as carefully as I could because I knew it was slick. I went across this place because it was under a foot or two of snow out there" (referring to the parking).

It is thus disclosed by his testimony, that he had in mind the bad condition of the walk in this particular place; that he had taken the precaution to put on his rubbers, which were new and had rough corrugated soles to protect him from slipping; that he was not walking at the ordinary rate of speed but had slowed up. While his testimony that he was "very careful" "tried to be careful as I could to get across there", "went over as carefully as I could," may be a conclusion, there is no objection thereto or motion to exclude said testimony. It cannot be claimed that he was guilty of contributory negligence as a matter of law in failing to turn to the side through a foot or two of snow which lay upon the parking. The facts are quite similar to those in Burke v. Town of Lawton, 207 Iowa 585, and said case is controlling as to the proposition raised by the appellant. Under the record, it was for the jury to say whether or not the appellee was exercising the same care and caution that an ordinarily careful and prudent man would have exercised under the same circumstances.

The appellant, relying upon Cratty v. City of Oskaloosa, 191 Iowa 282, Gibson v. City of Denison, 153 Iowa 320, Hartman v. The City of Muscatine, 70 Iowa 511, argues that the appellee could have gone west from his house across Argyle Street to the sidewalk on the west side of said street and by taking this route could have reached the business portion of the city, and that he was guilty of contributory negligence for not taking said route. In order to come within the rule of said cases, it is not enough to show that the walk over which the pedestrian traveled was unsafe for travel and that the plaintiff appreciated the danger, but it must also appear that he knew, or as an or-

dinarily prudent person ought to have known, that it was imprudent for him to walk over it. The record fails to bring the case within the rule of said authorities. Moreover, while the record shows that there was a walk on the west side of Argyle Street, it is not shown that said walk was a safe one for travel.

Under the record, the question of contributory negligence on the part of the plaintiff was properly left for the determination of the jury. The judgment of the trial court is hereby affirmed.—Affirmed.

FAVILLE, C. J., and EVANS, MORLING, KINDIG, DE GRAFF, and ALBERT, JJ., concur.