WILLIAM FRANKS, Appellee, v. CITY OF SIOUX CITY, Appellant.

No. 45390.

1098

FEBRUARY 11, 1941.

Robert J. O'Connor and Fred H. Free, for appellee.

V. O. DeWitt and Ralph W. Crary, for appellant.

MILLER, J.—Plaintiff's petition asserts that on February 8, 1939, between the hours of 1 and 3 a. m. defendant's employees flooded a skating pond in Sioux City in such a negligent manner that a large amount of water escaped onto a sidewalk causing ice to form upon it; on the afternoon of the same day about 3 p. m. plaintiff, while walking on the sidewalk at said place, slipped and fell receiving injuries; defendant was negligent in creating such icy condition and in failing to remedy the situation; plaintiff was free from contributory negligence. Plaintiff demanded judgment for damages resulting from his injuries.

Defendant's answer asserted a general denial and also that its employees were engaged in a governmental function and that no liability could result therefrom. Defendant also asserted

that plaintiff's injuries were the result of contributory negligence of plaintiff.

The defendant made a motion for a directed verdict asserting nine grounds. Only three are now relied upon: (1) The defendant was engaged in a governmental function in flooding the skating rink and is not liable for damages caused by negligence of its employees while so engaged; (2) the evidence affirmatively shows that plaintiff was guilty of contributory negligence; (3) the defendant had no notice, either actual or constructive, of the ice on the sidewalk. The motion was overruled and the cause was submitted to a jury which returned a verdict for plaintiff in the sum of $1,500. Judgment was entered thereon and the defendant appeals.

I. Appellant's first assignment of error asserts that the court erred in failing to direct a verdict in its favor for the reason that the injury to appellee was the result of a governmental function engaged in by appellant. We find no merit in this contention.

The defect in appellant's contention lies in the fact that it only concerns half of the problem. The petition asserts that the city was negligent in two respects (1) in flooding a sidewalk while engaged in flooding a skating rink and (2) in failing to remedy the icy condition of the sidewalk. Were we to hold with appellant, that the flooding of the skating rink was the performance of a governmental function so that it would not be liable for negligence on the part of its employees while so engaged, that does not obviate the liability which would result from negligence in failing to remedy the icy condition of the sidewalk. There were two neglects of duty asserted. If appellant is to be exonerated from the first because it arose out of the performance of a governmental function, we still have the second one to consider. Fitzgerald v. Town of Sharon, 143 Iowa 730, 121 N. W. 523; Miller Groc. Co. v. City of Des Moines, 195 Iowa 1310, 192 N. W. 306, 28 A. L. R. 815.

Section 5945 of the Code, 1939, imposes upon the appellant the duty to keep streets open, in repair and free from nuisances and section 5950 specifically authorizes appellant to remove ice from its sidewalks. This court has repeatedly held that a city is liable for damages from an injury caused by ice upon a sidewalk

after knowledge thereof by the proper officers of the city and sufficient opportunity to remove the same. Burns v. Waterloo, 187 Iowa 922, 173 N. W. 16; Allen v. Ft. Dodge, 183 Iowa 818, 167 N. W. 577; Rose v. Ft. Dodge, 180 Iowa 331, 155 N. W. 170; Hodges v. Waterloo, 109 Iowa 444, 80 N. W. 523, are illustrative of the rule.

We do not undertake to discuss or decide the issue presented by appellant's contention that, while flooding a skating rink, its employees were engaged in a governmental function, because, even were we to hold with appellant on that issue, that would not entitle appellant to a directed verdict in its favor. There still remains the question whether appellant should have remedied the icy condition of the sidewalk. Negligence in this regard is actionable.

II. Appellant's second assignment of error asserts that the court erred in not directing a verdict in its favor because the evidence shows that appellee knew and appreciated the danger and knew or should have known that it was imprudent for him to pass over the sidewalk at the place where he fell when another safe and equally convenient way was open to him. We find no merit in this contention. .

Appellee testified on direct examination as follows:

"I had on an overcoat and rubber galoshes. It was an awful cold day. As I was coming along the sidewalk I came to this ice and I slowed right up and stopped and I kind of looked that over a little; I thought I could get across all right; so I started across; put my foot down on it; it was froze good and solid; I took a step and about the third step I took my feet went out from under me. * * *

"As I approached that ice on the sidewalk I stopped. I saw there was a lot of ice on the sidewalk and out on the parking and out in the street and up in the people's yard. It formed a solid sheet of ice from the gutter across the sidewalk into the yard. I should judge the ice extended about eight or ten feet along the sidewalk. * * * I put one foot forward on the ice first and my galosh seemed to hold. I took one step and tried my footing. Then I took another step. About the third step I took, my feet both went out from under me. Because I was wearing galoshes, I believed I could get across that ice safely before I started."

Appellee testified on cross-examination as follows:

"As I came to the intersection of Riverside Boulevard and La Plante I observed the ice upon the sidewalk, and before starting to go over it I stopped and looked at it. I knew it was ice and knew it was slippery. It appeared to be a little higher in the center. It was smooth and then it run off kind of like it run out and froze and then run out a little more. It was in a circular formation. There was nothing that would have prevented me from walking around this ice and over the lawn. I knew that walking across might be attended with some danger of falling, but didn't think I was going to fall. I tried to walk very carefully. I knew it was slippery and smooth. I could have walked over the lawn and around this ice. I didn't think it was dangerous, I thought I could go across. It did not occur to me at that time that it might be imprudent to walk over this ice."

Appellant relies upon the case of Gibson v. City of Denison, 153 Iowa 320, 322, 323, 133 N. W. 712, 713, 38 L. R. A., N. S., 644. In that case, the plaintiff fell while using a defective board sidewalk. He testified in part as follows:

"This sidewalk jiggled up and down, and a sidewalk that jiggles up and down is because the stringers are weak. I did not consider that kind of a walk safe any place. I did not consider it in a safe condition, whether in the center or on the side of it; but it is safer in the center than in any other place. In addition to this, the boards were loose, and this I knew before, by the way they moved under my feet, that they were not solid. I knew that before I went on there that day, but I went all the same. Yes; the boards were loose, and knowing they were loose, and knowing that the stringers were unsafe and jiggled up and down, I went upon the walk as I say I did."

In holding that the trial court properly directed a verdict for the city, we state:

"The proposition that a traveler who knows, or as an ordinarily cautious person ought to know, that it is imprudent to pass over a defective sidewalk, and does so, although he might have taken another path or course equally convenient and in

the same direction, is guilty of such negligence as will defeat recovery for damages in event of injury, caused by the dangerous condition of the walk, is well settled by the authorities. McGuity v. City of Keokuk, 66 Iowa, 725; Parkhill v. Town of Brighton,. 61 Iowa, 103; Hartman v. City of Muscatine, 70 Iowa, 511; Cosner v. City of. Centerville, 90 Iowa, 33; Cook v. Town of Hedrick, 135 Iowa, 23.

"As pointed out in Reynolds v. City of Centerville, supra, to defeat recovery, it is not enough that the walk was unsafe for travel, and the plaintiff appreciated the danger, but it also must appear that he knew, or as an ordinarily prudent person ought to have known, that it was imprudent for him to walk over it. That with such knowledge plaintiff did so is fully established by his own testimony."

Appellant also relies upon the case of Cratty v. City of Oskaloosa, 191 Iowa 282, 287, 182 N. W. 208, 210. At the close of that opinion, we state:

"The case is not one where the plaintiff knew that the walk was in a dangerous condition, but believed he could pass over it in safety. He was not thinking at all about it. It seems to us that he was so clearly guilty of contributory negligence that reasonable minds could not differ upon this proposition."

In both of the cases upon which appellant relies, the sidewalk was defective from a cause other than an accumulation of ice. Appellee relies upon later decisions of this court wherein we have held that, even though a pedestrian knows that a sidewalk is icy and therefore dangerous, it may be a jury question whether he knew, or as an ordinarily prudent person ought to have known, that it was imprudent for him to walk upon it. Such decisions include the following: Burke v. Town of Lawton, 207 Iowa 585, 223 N. W. 397; Tollackson v. City of Eagle Grove, 203 Iowa 696, 213 N. W. 222; Fosselman v. City of Dubuque, 211 Iowa 1213, 233 N. W. 491; Smith v. City of Hamburg, 212 Iowa 1022, 237 N. W. 330. We are disposed to the view and hold that the later decisions of this court make the cases relied upon by appellant clearly distinguishable. While appellant's argument would be persuasive were it our province to find the facts, we are not pre-

pared to hold that appellee was guilty of contributory negligence as a matter of law. The question was for the jury to decide.

III. Appellant's third assignment of error asserts that the court erred in failing to direct a verdict in its favor because the evidence showed that appellant had no actual notice of the existence of the ice upon the sidewalk and sufficient time had not elapsed to create constructive notice. We find no merit in this contention.

Appellant contends that it did not have actual notice of the condition because the employees of the city that created the condition were not charged with the duty of keeping sidewalks in safe condition. The defect in appellant's argument lies in the fact that, even though such employees may not have been charged with such duty, the city is charged with knowledge of any condition which they created while acting as such employees.

In 43 C. J. 1042, it is stated:

"Municipal corporations are chargeable with knowledge of their own acts, or those ordered by them; and therefore whenever defective conditions in streets are due to the direct act of the municipality itself, or of persons whose acts are constructively its own, as where work is done under contract with the municipality, or, as held in some cases, where the defect is created by persons acting under a license or permit from the municipality, no notice need be shown, or, as it is otherwise stated, notice of the defect is necessarily implied in such cases."

In an annotation note in 50 A. L. R. 1193, it is stated:

"Where the condition of a street is due to acts of municipal employees in the performance of their duties, no notice to the city of such condition is necessary as a condition precedent to holding the city liable for injury caused thereby."

In Phipps v. City of Perry, 178 Iowa 173, 175, 159 N. W. 653, 654, we state:

"There was no evidence tending to connect any other person with such act, except the city employees. If the blocks were so placed by the city's employees, no further notice was necessary."

In Spiker v. City of Ottumwa, 193 Iowa 844, 847, 186 N. W. 465, 467, we state:

"All the purposes to be served by notice were forestalled or accomplished by the fact that the city, which is charged with the nondelegable duty to care for its streets and keep them free from nuisances, was notified in advance, and gave express permission to Burnaugh to dig the trench which did the mischief. This is not only the rule of the great weight of authority, but is manifestly just and reasonable."

The jury was warranted in finding that the icy condition of the sidewalk was caused by the employees of the city who were engaged in flooding the skating pond. Such being the record, the city had sufficient notice of the condition of the sidewalk.

IV. Appellant's fourth and final assignment of error complains of the court's refusal to give the instruction requested by appellant on the issue of notice to appellant and the language contained in instruction No. 5, wherein the court confined the issue as to the notice to be given the City to the finding "that defendant City, having knowledge of such dangerous condition, allowed said ice to remain on said walk and failed, in the exercise of reasonable care and caution, to make said walk reasonably safe for pedestrians to travel upon, prior to the time of plaintiff's injuries." This contention is answered by what has been said in division III of this opinion. The requested instruction was properly refused and the statement in instruction No. 5 which appellant challenges was proper.

Since we find no merit in appellant's assignments of error, the judgment is affirmed.—Affirmed.

CHIEF JUSTICE and all JUSTICES concur.