DEON TAYLOR, Appellee, v. CITY OF SIBLEY, Appellant.

No. 47110.

OCTOBER 14,1947.

Corcoran & Kennedy, of Sibley, for appellant.

Kindig, Kindig & Beebe, of Sioux City, and Koopman & Koopman, of Sibley, for appellee.

BLISS, J.—The plaintiff, a teacher in the schools of the defendant, during the noon hour of February 20, 1946, while walking from the schoolhouse to a restaurant, slipped and fell on a ramp at the northeast corner of the intersection of Eighth Street and Fifth Avenue of the defendant. The ramp was ten feet long and five feet wide. It had a slope of one inch to the foot, which made the lower end ten inches below the other end. The fall caused a comminuted fracture of the ulna in her left elbow.

Plaintiff alleged that her injuries were caused by no contributing negligence on her part but solely by the negligence

of the defendant in permitting snow and slush to remain upon and to thaw and freeze on the ramp for a period of more than five days, during which time the trampling of pedestrians caused the snow, slush, and ice to become rough, uneven, rutted, and irregular, and that defendant, with actual or constructive notice of this condition, failed to sand, gravel, cinder, or salt the ice and snow, or to otherwise protect pedestrians using said ramp. Defendant's answer was in effect a general denial.

Plaintiff introduced evidence supporting and tending to establish all allegations of the petition. The mayor of the defendant testified that in the fore part of February 1946 there were one or more unseasonable rains of about an inch, which froze and formed a thick coating of ice on the streets of the defendant, making the streets and walks very slippery; that there was some thawing and freezing after that and it stayed slippery and icy for a considerable time; that within four or five days after the heaviest rain, in the first week of February, "we had certain places around town we considered critical where we placed cinders. This is one of them. * * * This ramp involved here is one of them where there is a great deal of travel so that we put out these cinders on the ramps." It was the mayor's recollection that cinders were put on this ramp twice, the last time being shortly before February 20th. Other witnesses for the defendant testified to the rain in February; to the subsequent freezing at night and thawing in the daytime; that the people were using this walk during this time, as "The corner is one of the busiest in the City." Some of these witnesses testified that as they recollected the last time cinders were put on this ramp was two, three, or four days before February 20th.

Plaintiff testified that she saw no cinders on the ramp at the time she fell nor on the days immediately preceding February 20th when she walked over the ramp. Another witness, the night clerk at the hotel, testified that he passed back and forth over the ramp every day in February 1946, and that there were no cinders or ashes on it at or about the time plaintiff fell or within a week before, and that he knew this because he fell on the ramp within the week before she fell. Other witnesses cor-

roborated plaintiff as to the rough and slippery condition of the ramp.

Defendant's motions to direct a verdict in its behalf, made at the close of plaintiff's testimony, and after both parties had rested, based upon grounds that there was insufficient evidence to submit the issue of defendant's negligence or the issue of plaintiff's freedom from contributory negligence to the jury, were denied. Defendant requested no instructions and excepted to none given. The jury returned a verdict of $2,000 for the plaintiff, on which judgment for her was rendered after overruling defendant's motion for new trial. The amount of the verdict was not challenged as excessive.

Defendant relies for reversal upon three assigned errors:

1. In admitting in evidence the written notice, served upon the city, by plaintiff, of the time, place, and circumstances of her injury, as required by section 614.1, Code, 1946.

2. Overruling the motions to direct a verdict for defendant based on the ground of plaintiff's failure to prove her freedom from contributory negligence.

3. Overruling said motions for the reason that there was not sufficient competent evidence upon which the jury could find the defendant was negligent in any of the respects alleged in the plaintiff's petition.

We will discuss them in the order noted above.

I. Section 614.1 of the 1946 Code provides that for personal injuries from defects in roads or streets actions may be brought within three months after their causes accrue, unless written notice specifying the time, place, and circumstances of the injury shall have been served upon the municipal corporation charged, within sixty days from the happening of the injury.

The injury was on February 20, 1946, and the notice specified by the statute was served on March 30, 1946. Since her petition was not filed until August 20, 1946, it was necessary for plaintiff to prove the service of the sixty-day notice. She alleged the service of the notice and set out a copy of it in her petition. In its answer defendant admitted the service of the notice as alleged. Nevertheless, plaintiff offered the notice in evidence, and it was received, over defendant's objection that it was incompetent, irrelevant, immaterial, and not an issue, inasmuch

as the service of the notice had been admitted in the pleadings, and its admission was highly prejudicial to the defendant.

Ordinarily, facts confessed in pleadings are irrelevant as evidence. 20 Am. Jur., Evidence, section 248.

In the notice were these recitations:

"* * * claimant * * * has incurred great expense for surgical, medical, hospital, *nursing, and other care.* That the circumstances of the said injuries and the resulting damages *are that the said municipality constructed at said place a slanting ramp in such a manner and way as to become unusually icy and slippery in the wintertime.*"

Defendant insists that the italicized words state matters that were not in issue. While there was no specific charge or item of expense for nursing, the plaintiff was in the hospital for a week or more under the care of nurses, and the expense therefor was probably included in the per diem hospital charge.

Defendant also contends that the words about the ramp were a claim by plaintiff that negligence of defendant in the *construction* of the ramp was a cause of her injury. These contentions of defendant are without merit. The grounds of negligence are specifically alleged in the plaintiff's petition, and there is no allegation of negligent construction. In paragraph one of the instructions the court stated the specific grounds of negligence on which plaintiff based recovery, and no mention is made therein of any negligence in the construction of the ramp. In instruction 4(c) the court said:

"The plaintiff can recover in this action, if at all, only on the ground of negligence specified by her, as set forth in paragraph 1 of these instructions, and even though you should believe from the evidence that the defendant city was guilty of some act or acts of negligence other than those specified by the plaintiff, still the plaintiff is confined to the acts of negligence charged and cannot recover upon any other ground, if such there be."

We must assume that the jury followed the instructions of the court and based their verdict solely upon the grounds of

negligence stated therein. See State v. Caringello, 227 Iowa 305, 310, 311, 288 N. W. 80; State v. Weaver, 182 Iowa 921, 930, 166 N. W. 379, 382.

While the copy of the said notice referred to in the petition and set out verbatim as an exhibit thereto, and the admission of its service in the answer of defendant, made its admission in evidence irrelevant and inadmissible, the error, if any, resulted in no prejudice to defendant. The decision in Hall v. City of Shenandoah, 167 Iowa 735, 149 N. W. 831, because of differing circumstances, and the reasons given for the holding, is not controlling here.

II. Defendant's argument on the second assigned error is based on the fact that plaintiff's fall was on her seventh passage over the ramp in four consecutive days, and she had been over the ramp six times during the 17th, 18th, and 19th days of February 1946, and on each occasion she observed the icy condition of the ramp and realized the danger of attempting to walk upon it. In one of her answers she testified that she realized it was "very dangerous." Speaking of the time of her fall, she testified:

"As I proceeded down the ramp that day I was walking slowly. I was wearing rubbers with good corrugation. I was walking with great care. I had my eyes on the ramp and the sidewalk all the time. I wasn't looking around at all. Nobody was with me. I took very short steps. Knowing the dangerous condition of the walk I was very careful about going over it. I fell almost at the top of the ramp. * * * I believed that I could safely cross it. I was wearing rubbers at the time. I was walking with great care, very firmly, slow, and as I proceeded down the ramp at the corner I fell. * * * Being that I had used the same sidewalk on Monday and Tuesday, naturally I did use it on Wednesday. I did not see any sidewalk that was in better condition. I did not see any other place to go. The ramp over near the schoolhouse * * * was not quite as slanting but its condition was the same, rough, ridgedy and uneven. * * * Other people were using this same sidewalk. * * * I did not know of any safer way to go [to] the restaurant that day. * * * There were other people using the ramp where I fell when I

was using the ramp. I would say that many students took the same way. * * * I thought by walking with great care that I could use it. I thought I could do it, therefore it was all right.''

She testified that she thought it was not imprudent to use the ramp.

Under the record it cannot be said that the plaintiff was contributorily negligent, as a matter of law, in walking upon this ramp, even though she observed its uneven, icy, and slippery condition, and knew that it was dangerous or very dangerous, if she believed that by the exercise of care she could pass over it safely, and as a reasonably prudent, cautious, careful, person believed and was justified in believing that she was not imprudent in attempting to walk upon it. This court has uniformly stated and held in many decisions, with none to the contrary, that under the circumstances and conditions noted above or similar thereto, the issue of plaintiff's freedom from contributory negli-gence is for the determination of the jury and not for the court. A few of them are here noted: Geagley v. City of Bedford, 235 Iowa 555, 561, 16 N. W. 2d 252, 256 (Where the court, in holding that plaintiff's freedom from contributory negligence was a jury question, said: ''The test seems to be whether a plaintiff, knowing of the dangerous condition, believes and has a right as a reasonably prudent person to believe that by the exercise of ordinary care the dangerous place may be passed in safety.''); Smith v. City of Hamburg, 212 Iowa 1022, 237 N. W. 330; Tillotson v. City of Davenport, 232 Iowa 44, 46, 4 N. W. 2d 365; Templin v. Incorporated City of Boone, 127 Iowa 91, 94, 95, 102 N. W. 789; Franks v. Sioux City, 229 Iowa 1097, 1102, 296 N. W. 224; Staples v. City of Spencer, 222 Iowa 1241, 1246, 1247, 1248, 271 N. W. 200, 204. In the last-cited case the language is quite apropos to the case at bar, to wit:

''We think the question of contributory negligence * * * was clearly for the jury. This was one of the busiest street crossings in the city. There is no claim that there was any safer avenue of passage. Plaintiff had a right to go where hundreds of others were continually going, over and across this

crossing which was held out by the city as a passageway across the street for foot traffic.''

For further discussion and citation of other authorities, see Beach v. City of Des Moines, 238 Iowa 312, 26 N. W. 2d 81.

Defendant contends that there was another ramp or walk that was less dangerous which plaintiff might have taken. It is questionable whether the record so shows. But, if true, it does not aid defendant, as this court has many times held that the fact that plaintiff knew the way was dangerous, and that there was another safe and convenient way, such facts do not make the plaintiff contributorily negligent as a matter of law, if he believed, and was reasonably justified in believing that it was not imprudent to take the way he did. Nichols v. Incorporated Town of Laurens, 96 Iowa 388, 393, 65 N. W. 335; De Wall v. City of Sioux City, 181 Iowa 333, 336, 337, 164 N. W. 640.

III. Was there sufficient evidence to take the issue of defendant's negligence to the jury? Under the record this question was clearly for the jury. That there was ice on this ramp for two weeks or more before the injury, which melted and froze repeatedly and was tramped upon by the feet of many pedestrians, was shown by the testimony of each party. It was not removed by the defendant. The evidence is in direct conflict as to whether any cinders were placed on the ramp. There was evidence that the ice on the ramp was thick, rough, uneven, rutted, and ridged. No attempt appears to have been made to remove it at times when it was melting.

The issues of negligence and freedom from contributory negligence are ordinarily for the determination of the jury. There was no error in submitting both issues to the jury.

The judgment of the district court is—Affirmed.

OLIVER, C. J., and HALE, GARFIELD, SMITH, MULRONEY, HAYS, and MANTZ, JJ., concur.