Calvin STIMMEL, Appellant,

v.

Quintin N. JOHNSON and James E. Kurtz,
Appellees.

No. 54783.

Supreme Court of Iowa.

June 29, 1972.

Arthur O. Leff, Iowa City, for appellant.

Shuttleworth & Ingersoll, Cedar Rapids, for appellee Quintin N. Johnson.

John D. Randall, Cedar Rapids, and Laird & Laird, Waverly, for appellee James E. Kurtz.

LeGRAND, Justice.

This is an action by which plaintiff seeks recovery from two defendants, alleging each was guilty of negligence which caused him severe and permanent injuries as the result of an automobile accident on October 3, 1962. Trial ended in a jury verdict for both defendants. Plaintiff appeals. We affirm as to the defendant, Quintin N. Johnson, and reverse as to James E. Kurtz, against whom plaintiff is granted a new trial.

The facts leading up to this accident may be stated very briefly. On the evening of October 3, 1962, plaintiff and his nephew, Rodney K. Evans, together with their wives, started out from Coralville in Evans' car to attend a dance at Fairfax, a small town near Cedar Rapids. Evans was driving. He took the wrong road and, while trying to regain the right one, became stuck in a snow bank on the shoulder of highway 149. After the two men tried in vain to extricate the vehicle, plaintiff secured a ride into Fairfax with a passing motorist. There he eventually enlisted the assistance of defendant, James E. Kurtz, who agreed to use his truck to pull the Evans' car back on the highway.

Arriving at the scene, Kurtz maneuvered his truck so that the rear end was close enough to Evans' car to hook a chain between the two. The evidence shows that while this operation was going on, plaintiff either stood on the shoulder of the road intending to flag down approaching traffic or that he was merely standing there observing the attempt to free his nephew's car. The record on this point is in dispute.

While the truck was in the position above described, the defendant Johnson, driving home from Fairfax, was unable to stop his vehicle, and struck either the front end of the Kurtz truck or the snow blade attached to the front end. The impact spun the snow blade around so that it in turn struck plaintiff, knocking him to the ground and inflicting serious injuries upon him.

Plaintiff suffered severe injuries which resulted in the amputation of his left leg. He brought this action against both Kurtz and Johnson. He alleged different grounds of negligence against each, and we consider his claim against each defendant separately.

We discuss first plaintiff's action against Johnson. As already noted, we hold the appeal as to this defendant is without merit and we affirm the trial court.

I. Plaintiff insists he is entitled to a reversal and a new trial against Johnson on the following grounds: (1) Error in failing to submit the specification that defendant Johnson was negligent in failing to have his car under control, in violation of section 321.288, Code of Iowa; (2) error in failing to submit the specification that defendant Johnson was negligent in operating his automobile without lights sufficient to meet the requirements of section 321.409, The Code; and (3) error in excluding evidence of conversations between plaintiff Stimmel and defendant Kurtz on the ground of hearsay.

II. Plaintiff first asserts there was sufficient evidence of Johnson's failure to have control of his vehicle for submission of this issue to the jury. Lack of control was alleged only as a statutory violation of section 321.288, which we set out here in pertinent part:

"The person operating a motor vehicle or motorcycle shall have the same under control and shall reduce the speed to a reasonable and proper rate:

1. When approaching and passing a person walking in the traveled portion of the public highway * * *

2. * * *

3. * * *

4. * * *"

The other circumstances under which this section would apply are unimportant here. Violation of this section by Johnson

could have occurred only in the event plaintiff was walking in the traveled portion of the public highway as Johnson approached him.

There is no such evidence in this record. It is clear plaintiff was off the traveled portion of the highway at all times. We so interpret the testimony, and the jury answered a special interrogatory on this question by finding that plaintiff was not on the highway at the time of the accident.

It is, of course, true that lack of control may be charged both as a statutory violation and as common law negligence; but here plaintiff relied only on a violation of the statute. We have held many times that only those issues which are both plead and supported by the evidence may be submitted to the jury. Perry v. Eblen, 250 Iowa 1338, 1346, 98 N.W.2d 832, 836, 837 (1959); Reich v. Miller, 260 Iowa 929, 936, 151 N.W.2d 605, 609 (1967).

We considered a somewhat similar question in Erickson v. Thompson, 257 Iowa 781, 790, 135 N.W.2d 107, 112 (1965), where we recognized the distinction between statutory and common law lack of control. In that case we said:

"One of the charges of negligence in both counts of the petition was defendant's failure to have his vehicle under control * * * in violation of Code section 321.288, I.C.A. There was clearly ample evidence to warrant submission of this charge. It was error not to submit it. The fact there was another, later charge of negligence in the petition—merely lack of control, which was submitted, does not render the error nonprejudicial. The jury should have been told of the statutory requirement, including the duty to reduce speed to a reasonable and proper rate in approaching the intersection."

We have the converse of that situation here. If, when properly plead, the jury should be instructed on both theories of lack of control—statutory and common law—we believe it follows that when only one such violation is plead, an instruction may not be given on the other. There is no merit in this assignment.

III. Plaintiff also cites as reversible error the failure of the trial court to instruct on defendant Johnson's alleged violation of the provisions of section 321.409 relating to lighting equipment on his car. The section required defendant have headlamps on his vehicle which would permit automatic selection of upper or lower beam, and which would, when on the upper beam, "reveal persons and vehicles at a distance of at least three hundred fifty feet ahead for all conditions" and, when on the lower beam, "reveal persons and vehicles at a distance of at least one hundred feet ahead."

We believe the trial court was correct in refusing to instruct on section 321.409. We find no evidence in the record which would justify the submission of this allegation. There is no evidence that defendant Johnson's car was not equipped with lights meeting the standards of the statute. We hold the issue was properly withdrawn under the well-established rule that only those allegations of negligence upon which there is substantial evidence should be submitted to the jury. Walker v. Sedrel, 260 Iowa 625, 632, 149 N.W.2d 874, 878 (1967) and citations.

IV. Plaintiff's last assignment of error against defendant Johnson deals with the rulings of the trial court on the admission of certain conversations between plaintiff and defendant Kurtz. This matter arose at various times during the trial. Defendant Johnson objected to the admission of such testimony on the ground it was hearsay as to him.

We have reviewed each adverse ruling on this point, and we find it unnecessary to discuss them at length. These conversations took place between the plaintiff and Kurtz in Fairfax when plaintiff was seeking help and at the place Evans' car was disabled. All of them took place before

the accident except one in which plaintiff asked Kurtz for permission to examine the truck.

We find no error in the trial court's rulings. In any event the evidence excluded dealt exclusively with the plaintiff's claim against Kurtz. It was quite immaterial as to Johnson's liability and could not have prejudiced plaintiff's claim against that defendant.

Under such circumstances the rulings, even if they were erroneous, would not constitute reversible error. Alber v. City of Dubuque, 251 Iowa 354, 364, 101 N.W. 2d 185, 191 (1960); Bengford v. Carlem Corporation, 156 N.W.2d 855, 867, and citations (Iowa 1968).

V. Plaintiff's appeal as to defendant Johnson is without merit and we affirm the judgment as to him.

VI. We reach a different conclusion as to plaintiff's appeal against defendant Kurtz. Plaintiff assigns the following errors for reversal of this judgment:

(1) Error in the trial court's instruction on assumption of risk, which was pleaded as an affirmative defense by defendant Kurtz;

(2) Error by the trial court in failing to submit the general specification that Kurtz failed to use the care of a reasonably prudent person in parking his truck on the northwest shoulder of the highway without giving reasonable warning thereof; and

(3) Failure to submit the specification of negligence which alleged that defendant Kurtz violated section 321.354, The Code, 1962, by stopping and leaving part of his vehicle upon the paved portion of the highway.

VII. We need not review the assignment of error dealing with assumption of risk since that doctrine will not go to the jury as a separate affirmative defense on re-trial. Under the rule announced today in Rosenau v. City of Estherville, Iowa, 199 N.W.2d 125, where as here, con-

tributory negligence is available as a defense, plaintiff's prudence or lack thereof in allegedly assuming risk of injury to himself should be incorporated as one of the elements to be considered in determining if contributory negligence has been established. It can no longer then be submitted a second time as an independent defense to defeat recovery.

VIII. The two remaining assignments of error against defendant Kurtz relate to the trial court's failure to submit specifications of negligence.

The trial court withdrew from the consideration of the jury specification 6(d) of plaintiff's petition which charges as follows:

"In failing to use the care of a reasonably prudent person in parking his truck on the northwest shoulder of the highway headed northeasterly towards oncoming traffic and on the left hand side thereof, and without giving reasonable warning thereof."

In considering this assignment of error we must remember specifications of negligence were alleged and submitted dealing with Kurtz's failure to set out flares or warning lights as required by section 321.-448; his failure to have his truck equipped with clearance lights as required by section 321.392; and his failure to have and use sufficient lighting to comply with section 321.415.

The submission of these statutory violations does not necessarily preclude the submission also of a charge of failure to warn as common law negligence, as alleged in specification 6(d). Our discussion in Division II is equally applicable here. We have frequently said that statutes do not set up the sole standard of care required of persons using the highways. They establish only the minimum. The rule that motorists must use such care as an ordinarily prudent person would use under the same or similar circumstances is still applicable. Sisson v. Weathermon, 252 Iowa 786, 796, 108 N.W.2d 585, 590

(1961); Knaus Truck Lines v. Commercial Freight Lines, 238 Iowa 1356, 1365, 29 N. W.2d 204, 209 (1947); Clayton v. Mc-Ilrath, 241 Iowa 1162, 1168, 44 N.W.2d 741, 745 (1950) and citations.

■ If there had been evidence defendant Kurtz complied with the statutory provisions, there might still be a question of his common law negligence in failing under the circumstances to do more. In that event perhaps failure to give the instruction for which plaintiff now contends would be reversible error. Here, however, the jury found by way of special interrogatory that Kurtz had violated his statutory duty even though he had opportunity to comply with it.

While we believe this issue should have been submitted to the jury, we hold failure to do so was not reversible error in view of the jury's finding on the warning issue. We do not overlook the related question of proximate cause, which is discussed in Division IX.

■ IX. The last assignment of error is the one upon which we hold a reversal must be granted as to the defendant Kurtz. It deals with the trial court's failure to submit the specification of negligence based upon Kurtz's violation of section 321.354, The Code. The applicable portion of the statute follows:

"Upon any highway outside of a business or residence district no person shall stop, park, or leave standing any vehicle, whether attended or unattended, upon the paved or improved or main traveled part of the highway when it is practical to stop, park, or so leave such vehicle off such part of said highway, but in every event a clear and unobstructed width of at least twenty feet of such part of the highway opposite such standing vehicle shall be left for the free passage of other vehicles and a clear view of such stopped vehicle be available from a distance of two hundred feet in each direction upon such highway. * * * "

Here there was substantial evidence that defendant Kurtz stopped his truck on the traveled portion of the highway in violation of the statute unless he could show it was impractical not to do so. The issue should have been submitted to the jury under proper instructions. Walker v. Sedrel, 260 Iowa 625, 632, 149 N.W.2d 874, 878 (1967) and citations.

Defendant Johnson testified unequivocally that the snow blade attached to the truck was approximately five to seven feet into the traveled portion of the highway. Kurtz argues that because plaintiff himself was uncertain as to whether or not the truck extended onto the highway the proof has failed. We believe the positive testimony of Johnson is enough to permit the jury to pass upon this allegation of negligence.

The failure to submit this issue becomes of overriding importance when we consider the answers which the jury made to interrogatories concerning this question. In answer to one interrogatory the jury found that part of the Kurtz truck was on the traveled portion of the highway at the time of the collision. In answer to another they answered consistently by finding the negative of the same proposition—that the Kurtz truck and snow plow were not entirely off the traveled portion of the highway at the time of the collision.

■ It may be argued the failure to submit this issue becomes harmless since the jury's answers to the interrogatories establish Kurtz was found guilty of other specifications of negligence. But this does not meet the problem. We still must consider the element of proximate cause. The finding of negligence on some charges of negligence may have been accompanied by a finding that proximate cause was lacking. The interrogatories are silent as to this. We find therefore plaintiff was prejudiced by the failure to submit this ground of negligence and is entitled to a new trial against the defendant James E. Kurtz. Kaus v. Scott, 174 N.W.2d 446,

448 (Iowa 1970); Robeson v. Dilts, 170 N.W.2d 408, 412 (Iowa 1969); Hedges v. Conder, 166 N.W.2d 844, 853–854 (Iowa 1969).

This is not inconsistent with what we said in Division VIII. There the error alleged was failure to give an instruction requiring a higher degree of care on the same issue—failure to warn—that a less demanding one had already been given. By special interrogatory the jury found the statute on warning had not been complied with. If the decision turned on proximate cause, a failure to give *any* warning would dictate the same result as would have been required by a finding of negligence under the additional specification which the court refused to submit.

The judgment as to Quintin N. Johnson is affirmed. The judgment as to James E. Kurtz is reversed and remanded for new trial.

Affirmed as to defendant Johnson; reversed and remanded as to defendant Kurtz.

All Justices concur, except REES and McCORMICK, JJ., who take no part.