HONORA ALLEN, Appellee, v. CITY OF FORT DODGE, Appellant.

**MUNICIPAL CORPORATIONS:** Streets, Etc.—Obstructions—Snow and Ice. Principle reaffirmed that the mere accumulation of ice and snow upon a public street, with resultant injury to a pedestrian, does not fix liability upon the city. Contra if such accumulations become dangerous by reason of travel thereover, and the city, after express or implied notice, might have eliminated the danger by the exercise of reasonable care.

**TRIAL:** Instructions—Exceptions—Waiver. Instructions, unquestioned until motion for new trial is filed, are unassailable. (Sec. 3705-a, Code Supp., 1913,—now repealed.)

**TRIAL:** Instructions—Applicability to Pleadings. Instructions which specifically state the grounds of negligence alleged by the plaintiff, and explicitly limit the jury's consideration thereto,— in full keeping with the entire theory of the trial,—are not rendered erroneous because a hypercritical analysis of the language employed *might* lead the jury to infer that other grounds of negligence were embraced in the charge.

**MUNICIPAL CORPORATIONS:** Streets, Etc.—Obstructions—Degree of Care. No duty is imposed upon a city to keep its streets in a reasonably safe condition: the duty imposed is to exercise reasonable care to see to it that its streets are maintained in a reasonably safe condition.

**MUNICIPAL CORPORATIONS:** Streets, Etc.—Obstructions—Power to Remove, and Assess Costs. The statutory power of a city to remove snow, etc., from sidewalks and to assess the cost of such removal to abutting property (Sec. 781, Code, 1897), is wholly immaterial on the issue of the city's negligence in allowing such accumulations to remain on the street in a dangerous condition.

*Appeal from Webster District Court.*—R. M. WRIGHT, Judge.

## MAY 20, 1918.

THIS is an action to recover damages for personal injury, occasioned by a fall on a sidewalk alleged to have been

permitted by the city to become dangerous on account of accumulated snow and ice thereon. It was alleged that the snow and ice were permitted by the city to remain on the walk for an unreasonable time after it became rough, rounded, and uneven, by travel over the walk. Judgment for the plaintiff in the court below. Defendant appeals.— *Affirmed.*

*Mitchell & Files,* for appellant.

*Kenyon, Kelleher & Price,* for appellee.

GAYNOR, J.—This action is brought to recover damages for personal injuries alleged to have been sustained as a result of a fall on one of the sidewalks of defendant city. The injury is alleged to have occurred on December 25, 1915. The action is bottomed on negligence. The negligence charged is, in substance, that the city permitted snow and ice that had accumulated through natural causes to remain there, after it had become rough, rounded, irregular, and uneven, and that this condition rendered the walk dangerous and unsafe for travel, and was the proximate cause of the fall and the injury resulting therefrom. The negligence upon which plaintiff predicates her right to recover is charged in her petition in the following language:

"(1) The defendant was negligent in allowing said obstruction to accumulate and remain upon the sidewalk.

"(2) The defendant was negligent in that the surface of said sidewalk was uneven with holes, depressions, and pockets therein, and the snow and ice were allowed to accumulate where the said surface was so irregular and uneven, in the manner aforesaid.

"(3) The defendant was negligent in permitting the snow and ice to accumulate and become slippery, rough, rounded, irregular, and uneven.

"(4) The defendant was negligent in failing to remove the rough, rounded, irregular, and slippery accumulations of ice, and in failing to take any precaution, by sprinkling sand

and ashes thereon, to make the same reasonably safe for public travel."

The answer was a general denial. The cause was tried to a jury, and a verdict returned for the plaintiff. Judgment being entered on the verdict, defendant appeals.

The plaintiff was a woman about 80 years of age. On this particular morning, about the hour of 10 A. M., she was proceeding on her way to church, along one of the walks of defendant, and reached a certain point on one of these sidewalks, and there slipped and fell, and received severe injury. She claims that her fall was due to the rough, rounded, and uneven condition of the walk at that point, and that this was what caused her to fall.

The fact of fall and injury is not in dispute, and we think there was sufficient to go to the jury as to the rough, rounded, and uneven condition of the walk at the place where she fell. The jury could well have found, under the record, that the walk was, at the time of her fall, substantially as she alleges it to be in her petition. There is sufficient evidence, though not particularly strong, that the walk had been in that condition for such a length of time before the injury that the city, if it did not in fact know the condition, could, and therefore should, have known and remedied it before the fall. The fact question was fairly submitted to the jury, and they found for the plaintiff. There is sufficient evidence to sustain the verdict, and we do not, therefore, interfere. Defendant, however, claims that error was committed on the trial to its prejudice. There are but three errors assigned:

(1) Error in the instructions given by the court to the jury.

(2) Error in refusing instructions asked by the defendant.

(3) Failure to give instructions on a matter on which it is claimed the instructions should have been given, in order to enable the jury to determine the rights of the parties under the record made.

Before proceeding to a discussion of the errors assigned and relied upon, we have to say that it is settled law that there is liability on the part of a city when it is shown that

1. MUNICIPAL CORPORATIONS: streets, etc.: obstructions: snow and ice.

it has failed to use reasonable care to keep its sidewalks in a reasonably safe condition for travel, and this failure has resulted in injury to one using the street in the usual and ordinary way. A city is not the insurer of the safety of those who use its sidewalks, but it assumes a duty to all who travel upon its walks, to use reasonable care to see that the walks are reasonably safe for travel. Conditions may arise over which the city has no control, and which, by the exercise of even reasonable care, it cannot avoid, or remedy. It is not liable for ice accumulating on the street in the course of nature, because the city cannot prevent this, and so the failure to protect against it does not lay the foundation for a charge of negligence. But when snow and ice fall and are permitted to remain upon the walk and to be traveled over by pedestrians for such a length of time that it becomes rough, rounded, uneven, and irregular, rendering the walk dangerous for travel, and it is made apparent that this condition could have been prevented or remedied by the city by the exercise of reasonable care, and injury results from the condition thus shown to exist, then the failure to remove or protect against it becomes actionable negligence. The negligence is not in a condition found, but in the failure on the part of the city to remedy the condition, and this only when it is shown that it is the duty of the city to remedy, and the remedy is within the reach of the city. Conditions in a sidewalk, therefore, which do not lie within the power of the city to remedy, and which, by the exercise of reasonable care for the safety of pedestrians, it could not remedy, do not lay the foundation for actionable negligence. The primary thought is that a duty does rest upon the city to exercise reasonable care to keep its sidewalks in a reasonably safe condition. This presupposes that the condition complained of could have been remedied by the exercise of

such care. So, in the consideration of all these questions of
negligence on the part of cities touching the care of side-
walks, we must not only look to the duty generally, but to
the cause and character of the defect. This is nearly always
a question for the jury. Conditions, however, may arise
that could not have been prevented or remedied by the city.
For these no action lies. In this case, snow and ice had been
accumulating for some time, on a street much traveled by
pedestrians, and at a point near the heart of the city. It
had become rounded, irregular, and uneven, through travel
upon the street. It had been permitted to remain so for at
least several days. It was for the jury to say whether that
condition rendered the sidewalk dangerous and unsafe;
whether the city violated any duty to pedestrians in failing
to remove the condition thus produced; whether, by the ex-
ercise of reasonable care, it could have made the walk, not-
withstanding these conditions, reasonably safe for travel.
A city is not liable for ice that forms upon its walks unless
it is made to appear that the ice renders the sidewalks dan-
gerous and unsafe, and it is further made to appear that the
city, by the exercise of reasonable care, could have so
changed the condition as to render it reasonably safe. So
the courts have made a distinction between snow that falls
and ice that forms in the course of nature,—though slippery,
and though liable to cause a fall upon the walk, if walked
upon,—and the act of the city in permitting it to remain
and become rough, rounded, and uneven, by travel upon the
walk. Thus it is said that, where cold follows a melting,
and the snow becomes a film of ice on the sidewalk which it
is almost impossible to move, the municipality may, without
being guilty of negligence, wait for a change of temperature
to remedy the condition. *Beirness v. City of Missouri
Valley,* 162 Iowa 720, 723. The suggested thought is that no
liability attaches for a condition in a walk until it appears
that the city could have prevented or remedied the condition
before the injury, by the exercise of reasonable care. So, in
order to create liability, it must not only appear that it was

the duty of the city to remedy the particular condition or defect complained of, but also that the defect was of such a character that it rendered the walk unsafe, and that the city, by the exercise of reasonable care for the safety of travelers, could and should have remedied the defect before the injury. This is the basis for the rule that a city is not liable for defects in its walks of which it has no notice, unless sufficient time has elapsed, after the defect came into existence, so that the city, by the exercise of reasonable care for the safety of travelers, could and should have discovered and remedied the defect before the injury. That a city is liable for injuries which result from conditions in a walk such as are complained of here, see *Huston v. City of Council Bluffs,* 101 Iowa 33; *Broburg v. City of Des Moines,* 63 Iowa 523. In these cases, the rule laid down in *Cook v. City of Milwaukee,* 24 Wis. 270, 274, is followed and approved. The rule stated in that case is that, when ice and snow are suffered to remain on a sidewalk, in such an uneven and rounded form that a person cannot walk over it, using due care, without danger of falling down, it constitutes a defect for which the city or town is liable. In the *Huston* case, this rule was approved, citing the *Broburg* case, as follows:

"The mere fact that a street is in a dangerous condition because of ice and snow, rendering the walks slippery by reason of the operation of natural causes, should not render the city liable, even if such ice and snow are not removed in a reasonable time. But when it becomes, by reason of the travel thereon, or other causes, rounded or in ridges, then it may be that the city should be required to remove such ice and snow."

So we have no hesitancy in saying that, under these authorities, the condition here shown constitutes actionable negligence.

It is contended by the defendant, however, that the court erred in its instructions to the jury; that it erred in giving Instructions Nos. 3, 7, 8, 9½, and 10.

These instructions were submitted to counsel before they were read to the jury. No objections were made to any instructions except the 3d, 7th, and 10th. In the review of these instructions, we are confined to the objections urged by counsel before the instructions were read. No objections were urged to Instructions Nos. 8 and 9½.

2. TRIAL: instructions: exceptions: waiver.

At the time this trial was had, Section 3705-a of the Supplement to the Code, 1913, was in force, which provided that all objections or exceptions to instructions must be made before the instructions are read to the jury, and must point out the grounds thereof specifically and with reasonable exactness; but, upon a showing in a motion for a new trial that an error in such instructions was not discovered by the party at the time of the trial, such objections or exceptions may be made in the same manner in such motion for a new trial.

Instructions Nos. 8 and 9½ were not objected to before the reading, but were objected to in the motion for a new trial. There was no showing, however, that the errors complained of were not discovered in time to interpose them before the reading. We had occasion to pass upon this question recently in *Dimond v. Peace River L. & D. Co.*, 182 Iowa 400; *Chumbley v. Courtney*, 181 Iowa 482; *Eley v. Chicago G. W. R. Co.*, (Iowa) 166 N. W. 739.

It is claimed that the court erred in giving the third instruction. It is claimed that by it the court submitted to the jury for consideration defects in the walk itself, and that there was no evidence that the walk itself was defective.

3. TRIAL: instructions: applicability to pleadings.

To intelligently understand this instruction, all its parts must be considered. The court submitted four grounds of negligence, and said:

"And the acts or omissions to act which plaintiff says constitute the negligence of which she complains, and upon which she predicates her right to recover, are: [Here the court set out plaintiff's charge of negligence in the words

in which it was charged in the petition, as hereinbefore set out.] * * * These are the only acts or omissions to act, on the part of the defendant, which, if proven, may be considered in determining whether she has shown a right to recover."

A sidewalk is that portion of the street set apart for the use of pedestrians. The thing or condition which renders the sidewalk, so set apart, dangerous and unsafe, is the thing or condition out of which the actionable negligence, if any, must arise, whether it be on the surface or under the surface, if it be in the line of travel. It may be that there was not sufficient evidence to justify a jury in finding that the sidewalk itself—meaning thereby the thing placed on the ground, set apart for a walk—was defective, though there is some evidence of defects in the construction. But, however that may be, defendant was not prejudiced by the court's simply stating all negligence charged in the petition, even though the jury might not be able to say from the evidence that all claims were proven. The jury could well find that the surface of the walk was dangerous for travel. The surface was the top of that set apart for travel, and the jury could not have been misled into thinking that anything else was referred to in this statement of the issue. The court, however, told the jury in this instruction that no liability could be predicated on any act of negligence charged, unless it was proven by the evidence. The mixture of snow and ice which rendered the sidewalk unsafe for travel, rough, rounded, and uneven as it was, was on the top of that portion of the ground set apart for travel. It was, therefore, on the surface of the walk. If this rough, irregular, and rounded ice made the sidewalk dangerous, it made it so because it rendered the surface of the sidewalk dangerous for travel. The whole theory upon which the case was tried was that the snow and ice permitted to accumulate and remain upon this walk rendered the surface of the walk rough, uneven, rounded, and irregular, and dangerous for travel, and that this condition was the proximate cause of plain-

tiff's injury. We must give the jury credit for some slight
intelligence, and we must assume that they had a fair knowl-
edge of what they were called upon to try and determine
from the whole record made, and could not have been mis-
led by the matters complained of, found in this instruction.
We find no reversible error here.

It is next contended that the court erred in giving the
7th instruction.

This instruction does not correctly state the law. It
tells the jury that the city is not an insurer of the safety
of those passing along or upon its streets or sidewalks, but

4. MUNICIPAL
CORPORATIONS:
streets, etc.:
obstructions:
degree of care.

that it is charged, under the law, with the
duty of placing and maintaining its streets
and sidewalks in a reasonably safe condi-
tion. The law does not impose a duty upon
a city of keeping its streets and sidewalks in a reasonably
safe condition, but does impose upon the city the duty of
exercising reasonable care to see to it that its sidewalks are
maintained in a reasonably safe condition. This, however,
does not avail the defendant in this case, for the reason that
the court, in the same instruction, told the jury, touching
the duty of the city to keep its sidewalks in repair and in
condition, that this duty was and should be determined and
measured by the care exercised by reasonably prudent men
under like circumstances and conditions, and said, practical-
ly, that the duty of the city was to exercise such care as rea-
sonably prudent and careful persons would have exercised
in the endeavor to make and maintain the walk in a rea-
sonably safe condition.

It is next contended that the court erred in refusing to
give instructions asked by the defendant. We have ex-
amined those instructions, and have to say that, in so far as
they express the law correctly, they were fully given by the
court in its own instructions. Therefore, a refusal could
not and did not prejudice the rights of the defendant.

It is next contended that the court failed to call the

jury's attention to the provisions of Section 781 of the Code of 1897, which reads:

"They [meaning municipalities] shall

5. MUNICIPAL
   CORPORATIONS :
   streets, etc. :
   obstructions :
   power to re-
   move, and as-
   sess costs.

have power to remove snow, ice or accumulations from abutting property from the sidewalk, without notice to the property owner, if the same has remained upon the walk for the period of ten hours, and assess the expenses thereof on the property from the front of which such snow, ice or accumulations shall be removed."

It will be noted that this section does not attempt to regulate the duty which the city owes to the traveling public. It only regulates the expense of such removal between the city and the property owner, and we think the court would not have been justified in calling the attention of the jury to this, and that to do so would have injected confusion into the record.

We find no reversible error in the case, and the cause is—*Affirmed*.

PRESTON, C. J., WEAVER and STEVENS, JJ., concur.