MRS. F. A. GREGG, Appellant, v. TOWN OF SPRINGVILLE, Appellee.

**APPEAL AND ERROR:** Review—Questions of Fact, Verdicts, and
1  Findings—Directed Verdict—"Most Favorable Construction" Rule. In considering the question whether the evidence was such that a directed verdict was improper, the Supreme Court will, on appeal, give the evidence the most favorable construction of which it is fairly capable in behalf of the party against whom a verdict has been directed; and if, when thus considered, it appears sufficient, if true, to sustain a verdict in his favor, the ruling will be reversed.

**MUNICIPAL CORPORATIONS:** Streets and Alleys—Snow and Ice
2  —Non-Liability for Natural Conditions. No legal duty rests upon a city to remove snow and ice from a sidewalk, so long as it remains unchanged by the interference of man or other artificial cause; and such duty arises only when, by reason of interference with natural conditions, the coating snow and ice becomes rigid or rounded or uneven, or is made to assume some other form, or to present some other danger than results solely from natural causes.

**MUNICIPAL CORPORATIONS:** Streets and Alleys—Icy Sidewalks.
3   Evidence reviewed, in an action against a town by a pedestrian injured by falling on an icy sidewalk, and held sufficient to go to the jury on the question of the negligence of the town in permitting natural deposits of snow and ice to become rough, rounded, and slanting, so as to make it unsafe for travel.

**NEGLIGENCE:** Contributory Negligence—Reasonable Care. Plain-
4   tiff is not guilty of contributory negligence if, under all the circumstances, it can reasonably be found that he is exercising the reasonable care of an ordinarily prudent person. Direct, affirmative proof of particular acts is not required.

**MUNICIPAL CORPORATIONS:** Streets and Alleys—Notice as to
5   Icy Sidewalk. Evidence reviewed, in an action against a town by a pedestrian injured by a fall on an icy sidewalk, where the rough condition of the ice had existed three weeks or more before the injury, and held sufficient to go to the jury on the question whether, in the reasonable exercise of its duty, the town knew of such condition, or should have discovered and remedied it before the injury.

*Appeal from Linn District Court.*—F. F. DAWLEY, Judge.

SEPTEMBER 22, 1919.

REHEARING DENIED JANUARY 26, 1920.

ACTION at law to recover damages for personal injury. There was trial to a jury, a directed verdict for defendant, and plaintiff appeals.—*Reversed and remanded.*

*Rickel, Dennis & Thompson,* for appellant.

*Voris & Haas,* for appellee.

WEAVER, J.—The plaintiff, a woman about 73 years of age, fell upon a sidewalk in the town of Springville, and thereby received injury to her person. She alleges that such injury was occasioned by the negligence of the defendant in permitting its walk to become obstructed by an accumulation of ice, on which, without fault on her part, she slipped and fell. The defendant denies that it was in any degree

negligent or at fault with respect to the condition of the walk or plaintiff's alleged injury thereon.

The evidence on part of plaintiff tends to show that she was on her way home from church in the evening of January 14, 1917, accompanied by her daughter and another woman. She had received an injury by a fall in her home a year before, but had largely recovered therefrom, and was walking slowly between her companions. Part of the distance, they walked in the middle of the street, to avoid the ice on the walks, until, as they claim, they reached a point where the street traffic was such as to lead them to take to the walk. That there was ice at the place in question, and that plaintiff suddenly slipped upon it and fell, is shown without question. The turning point in the case, so far as it relates to this appeal, is upon the question whether there is any evidence in the record upon which the jury could properly have found that the town was negligent in permitting the walk to be in this condition.

It is an elementary doctrine that, in considering a question of this character on appeal, the court will give to the evidence the most favorable construction of which it is fairly capable in behalf of the party against whom a verdict has been directed, and if, when thus considered, it appears sufficient, if true, to sustain a finding in such party's favor, the order directing a verdict will be held erroneous. Bearing this rule in mind, let us inquire first into the duty of cities and towns with respect to the accumulation of ice upon its public walks. It is well settled by our decisions that:

1. APPEAL AND ERROR: review: questions of fact, verdicts, and findings: directed verdict: "most favorable construction" rule.

"No such duty exists while the snow and ice remain unchanged by the interference of man or other artificial cause. That duty arises only when, by reason of such in-

terferences with natural conditions, the
snow or ice become rigid or rounded or un-
even, or is made to assume some other form
or present some other danger than would
result solely from natural causes." *Sankey
v. Chicago, R. I. & P. R. Co.,* 118 Iowa 39.

2. MUNICIPAL
CORPORATIONS :
streets and
alleys : snow
and ice : non-
liability for
natural condi-
tions.

In the more recent case of *Tobin v. City of Waterloo,*
131 Iowa 75, 77, the rule is restated in somewhat more
specific terms, as follows:

"Ice and snow accumulated on the walk from natural
causes, though slippery because of their smooth surface, is
not a defect for which the city may be held responsible.
It is only when such ice and snow are allowed to remain
upon the walk until, by the tramping of pedestrians, freez-
ing and thawing, or other causes, the surface becomes
rough, rigid, rounded, or slanting, so that a person in the
exercise of ordinary care cannot pass over it without dan-
ger of falling, that the defect is such as to render the city
liable."

In *Griffin v. City of Marion,* 163 Iowa 435, 444, it was
held that municipal liability in such cases "is not limited to
the snow and ice becoming rigid, rounded, or uneven, but
the city is charged with the duty when the snow and ice is
made to assume some other form or present some other dan-
ger than it would otherwise solely from natural causes."
In *Templin v. City of Boone,* 127 Iowa 91, the court, speak-
ing by Deemer, J., laid down the rule that "where, by reason
of travel or action of the elements, it becomes rounded or
worn into ridges, uneven, and irregular, due care on part of
the city may demand its removal;" and a verdict against the
city was there sustained, where the evidence tended to show
"that snow had fallen upon the sidewalk many days prior
to the accident, which had not been removed; that people
traveling over the walk had made a beaten path through
the snow; that it had thawed and frozen until the walk.

was in a rough and uneven condition, the center thereof, whereon the path was made, being rounded and sloping toward either edge of the walk; that the water from the melting snow ran down onto the walks and there froze, making the same slippery and unsafe." These cases, selected from many of the same general tenor, sufficiently illustrate the rule applicable under such circumstances.

Turning now to the evidence upon the condition of the walk, we find the following: The plaintiff herself, as perhaps was quite natural under the circumstances, appears to be unable to speak with any marked definiteness, except that she "fell quick on account of the ice," and that it was smooth there; but other witnesses are quite definite upon this point. Her daughter, who was present at the time, says:

3. MUNICIPAL CORPORATIONS: streets and alleys: icy sidewalks.

"It was very icy in the center, and on each side of the walk there was a little snow, but, along toward the center of the walk, the snow had been worn off, and it was just as slick as glass: that is, it was so icy in the center that it was very slippery. It was higher in the middle, and sloped toward both sides. Her feet went right out from underneath. She went quickly from one side. In the middle of the walk where mother fell, the snow and ice was thicker, and kind of sloped off. It sloped east and west, because it was so much thicker in the center."

The thickness of the ice along the ridge or middle of the walk is estimated by one witness at four inches, and by another at an inch and a half. Another witness, who was familiar with the walk and with the use of it by young people for coasting upon sleds, describes its condition and the freezing and thawing of the ice and the effect upon it of its use as a coasting place, and says that:

"After freezing, there wouldn't be any sharp bumps, or anything like that   *   *   *   it would be little larger ones,

smoothed off by the sled runners. * * * The ice sloped more towards the street, because the sleds go the other side, and they would sometimes slide sideways."

This witness further says that he was near at hand when plaintiff fell, and rendered her or her friends some assistance. Being asked, on cross-examination, to state the exact condition of the walk at that point, he replied:

"I wouldn't say just exactly where she fell; but, as near as I know where she fell, it was icy and awful slick where they had been sliding. They had slid right across there; it was bumpy, but it was slick. Where they had slid over it with their sleds, it was smooth, but people had tracked it up, and it was filled with the little particles that had been broken off with the sleds, and it was frozen in there." Again, he says: "I don't know hardly how to explain it, only just kind of wavy."

Another says of it: "Where it had thawed, and people had walked over it, and then froze, it was left rough, as I remember it." Another witness describes it "as being quite smooth and icy, full in the center, and sloped toward the edges. Some snow along the edges, but in the center, where she was walking, it was very slick, owing to coasting and sliding in that place by boys."

There is other evidence to the same general effect. It also tends to show that the accumulation of ice was due, in part at least, not to the water and snow falling naturally upon the walk, but to the freezing of water with which the walk was flooded by discharge or overflow from a clogged culvert. It is shown, also, that, from Christmas until January 14th, when plaintiff was hurt, the weather was somewhat variable, though generally below the freezing point, light falls of snow occurring at various times, and the ice in the middle of the walk evidently resulting, to a considerable extent, from the occasional thawing of this snow and its packing or solidification into ice, under the feet of

pedestrians and its utilization as a coasting place by children, which was a common practice, no effort being made by the town authorities at any time to remedy or change these conditions.

Without going further into the record, we are quite convinced that it cannot be said, as a matter of law, that there is no evidence of negligence on the part of the town for the consideration of a jury. Stated in other words, if the testimony referred to was believed by the jury (and its credibility was for the jury alone), a verdict finding the defendant chargeable with negligence could not properly be set aside as being without support.

Counsel for appellee place great stress, if not principal reliance, upon the fact that plaintiff herself described the walk or ice on which she fell as "smooth." But this description is by no means inconsistent with the truth of the testimony of other witnesses, who describe the place as "bumpy," "rough," "uneven," "wavy." Ice may be, and usually is, in its very nature smooth, even when rough, irregular, and uneven in its surface lines; and it is also manifestly true that, when such irregularity or unevenness is once produced, the harder and smoother the ice, the more treacherous and dangerous is the walk for use by pedestrians. This fact and its bearing upon the question of negligence by the municipality have been recognized by us in *Rose v. City of Fort Dodge*, 180 Iowa 331, where the city used the same argument which is here advanced for the appellee; and we there held that evidence that an accumulation of ice on a sidewalk is slippery or smooth or slick does not, as a matter of law, show that the condition was solely a climatic one, there being other evidence that the ice was "rough" and "bumpy." In all essential features, the precedent here cited is quite like the case at bar, as is also *Templin v. Boone*, supra. The principles applicable to such cases are also well illustrated in *Griffin v. City of Marion*,

163 Iowa 435; *Tobin v. City of Waterloo*, 131 Iowa 75; and very many others, where claims of this nature have been litigated. Very likely, no attempt yet made to state the governing rule has been so complete and perfect as to render its application to every individual case free from doubt. The language employed by this court, speaking by Ladd, J., in the *Tobin* case, supra, is perhaps the clearest statement yet accomplished. It is there said that the city becomes chargeable with liability for negligence "when such ice and snow are allowed to remain upon the walk until, by the tramping of pedestrians, freezing and thawing, or other causes, the surface has become rough, rigid, rounded, or slanting, so that a person in the exercise of ordinary care cannot pass over it without danger of falling." In the same connection, as we have before pointed out, we quoted approvingly the rule as expressed in *Sankey v. Chicago, R. I. & P. R. Co.*, 118 Iowa 39, which exempts the city from the charge of negligence only so long as the snow and ice naturally accumulating on the walk "remain unchanged by the interference of man or other artificial cause." That, under the evidence in the present case, the jury could properly find that the snow and ice on the walk had been changed by the interference of man, the tramping of pedestrians, the practice of coasting thereon by children, and the overflow from a clogged culvert, thereby rendering the surface of the ice rough, rounded, and slanting, to a degree making travel over it unsafe, cannot be seriously questioned. Indeed, a special finding to the contrary would be without material support in the record.

Appellee further justifies the directed verdict on the ground that plaintiff is chargeable with contributory negligence as a matter of law, or that she failed to offer evidence from which the jury could find that she used reasonable care for her own safety. We find no merit in this objection. Direct affirmative proof of particular acts consti-

4. **Negligence:** contributory negligence: reasonable care.

tuting due care by the plaintiff was not required. It is suf-
ficient if, upon all the facts and circumstances of the case,
the jury could reasonably find that plaintiff was exercising
the reasonable care of an ordinarily prudent person (*Gor-
man v. Minneapolis & St. L. R. Co.*, 78 Iowa 509, 517); and
this, we think, may be found from the record. Plaintiff,
though somewhat enfeebled, was able to walk, and was in
the exercise of an unquestionable right to use the streets
and walks of the city in going to and returning from church.
Though she knew there was more or less ice on the route,
she had the right to assume that the town had exercised
reasonable care to keep the walks free from peril arising
from negligence in permitting such ice to become changed
and converted from its natural condition, by tramping,
coasting, or other artificial causes, into other forms and
conditions, rendering the way dangerous for public use.
It was in the nighttime, when we may presume the condi-
tion of the walk was less open and visible than it would be
in daylight; she was walking slowly; and it is fairly in-
ferable that she was using as great a degree of care as might
reasonably be expected or demanded of the average person
under the circumstances. It would be a clear invasion of
the province of the jury for the court to assume to dispose of
the question as a matter of law.

It is finally urged for the appellant that the evidence
was insufficient to justify submitting to the jury the ques-
tion of notice to the town of the condition of the walk.
There is evidence tending to show that the
alleged defective condition of the walk had
been quite continuous for a period of three
weeks or more; the tramping and coasting
upon the ice was daily, and of prolonged
duration, and must have been quite open and visible to the
town officers, who may be presumed to be paying some at-
tention to the condition of its streets and walks; and, as

5. MUNICIPAL COR-
PORATIONS:
streets and
alleys: notice
as to icy side-
walk.

we view the record, the alleged defective condition had existed such length of time as to support a finding that, in the reasonable exercise of its duty, the town knew it, or should have discovered and remedied it, before the plaintiff's injury therefrom. It must, therefore, be held that the trial court erred in directing a verdict for defendant.

The judgment below is, therefore, reversed, and cause remanded for a new trial.—*Reversed and remanded.*

LADD, C. J., GAYNOR and STEVENS, JJ., concur.