VENA GATES, Appellee, v. CITY OF DES MOINES, Appellant.

No. 47451.

(Reported in 38 N. W. 2d 96)

June 14, 1949.

Frank B. Hallagan, S. L. Harvey and Frank D. Bianco, all of Des Moines, for appellant.

H. H. Sawyer and Harold Leener, both of Des Moines, for appellee.

WENNERSTRUM, J.—Plaintiff sought in an action at law to recover damages for personal injuries resulting from a fall on a sidewalk within the defendant city. Upon trial the jury returned a verdict in favor of the plaintiff and judgment was thereafter entered against the city. Respective motions in arrest of judgment, judgment notwithstanding the verdict and for new trial.

were thereafter submitted and overruled. The defendant city has appealed from the judgment entered against it.

The appellee's injuries were received about 12:30 in the afternoon of March 4, 1948. She fell on the sidewalk on the south side of Franklin Avenue, between Sixth and Seventh Streets, which fall resulted in the breaking of both bones of her left ankle. Appellee testified in substance that as she came along this walk she noticed it was icy and very rough—icy and bumpy all along, that she stepped on a bump, lost her balance, tried to catch herself, then whirled around and fell. She also stated that at the time of the accident she did not know it was a brick walk because it was covered with snow, that she was walking slowly along the center of it because it was slick and that she noticed more than one bump on the walk.

A witness for the appellee, a police officer, testified that he did not notice the walk being rough or uneven but that it was smooth. He did state, however, that he nearly fell as he was bringing the ambulance stretcher to where the appellee lay. A further witness for the appellee testified that he used this walk almost daily; that there was a fairly heavy snow on the night of February 29; that there was a footpath perhaps sixteen inches wide beaten down along this particular walk. He stated this condition continued for a couple of days, that a narrow path then was shoveled approximately along the beaten line where people walked and that until March 4 there were big pieces of snow along the walk which after they melted became ice lumps and made it rather "cobbled in texture." He further stated there was no material change in the condition of the walk concerning which he testified and its condition on the day of the accident. On cross-examination he stated the walk had not been entirely cleaned but that the snow may have melted some.

The occupant of the house adjacent to where the accident occurred testified, as a witness on behalf of the appellant, that following the snow of February 29 and the morning of March 1 there were ten or eleven inches of snow on the ground; that three or four inches more fell the night of March 1 and that he first shoveled the walk on March 2 when he made a path about sixteen

or eighteen inches wide. He further testified that on the morning of the third he scooped the full width of the sidewalk and piled the snow off to the north on the parking; that on the morning of the fourth there was approximately one eighth of an inch of snow on the sidewalk and he went out and swept it off; that it was as clean as it could be considering the brick construction. He further testified that it was warm enough on the third to melt the snow that had fallen on the night of the second; that it left the brick clean of snow, not perfectly clean to the brick, but down smooth and very close and that the sun did not reach and thaw that part where the shadow from the north side of the house was over the walk. He further stated that there was slick ice where the snow had melted a little and run down and frozen on the sidewalk from the time he was out there that morning until the accident happened. His testimony is to the effect that the sidewalk was perfectly clean at the time and at the spot where the appellee fell. There is other testimony of a somewhat similar nature presented by other witnesses on behalf of the appellant.

Among the exhibits introduced was a meteorological summary of the weather conditions in Des Moines as shown by a weather bureau report. This discloses that the temperature on March 4 from 1 a.m. until 1 p.m. varied from 18 degrees above zero at 1 a.m. to a low of 13 degrees above zero at 7 a.m. and to a high of 21 degrees at 12 noon and at 1 p.m. of that day.

I. On March 10, 1948, pursuant to the provisions of section 614.1, subsection 1, 1946 Code, there was served on the City of Des Moines a notice which stated that on March 4, 1948 Vina Gates sustained injuries as the result of a fall on the sidewalk at or about "1825 Eighth Street, Des Moines, Iowa." The petition in the appellee's action was filed on March 31, 1948. It was therein stated that the place of the accident was on the south side of Franklin Avenue between Sixth and Seventh Streets.

It is the contention of the appellant that the trial court committed error in not sustaining the appellant's pleaded defense of estoppel in that the notice of claim of injury failed to comply with the statute of limitation to which reference has heretofore been made.

The statute in question provides that actions for injuries from defects in roads or streets may be brought within three months, "unless written notice specifying the time, place, and circumstances of the injury shall have been served upon the * * * municipal corporation to be charged within sixty days from the happening of the injury."

It is claimed, without denial, that the notice served on March 10, 1948 did not correctly state the place of the accident. It is the appellant's contention that relying on the notice served it was deceived, misled and placed at a disadvantage in the preparation of its defense and therefore materially prejudiced by the defective notice. The appellant pleaded that by reason of the facts stated the appellee is estopped from claiming any cause of action against the appellant. The petition filed in the action, which is here before us for review, did properly set forth the time and place of the accident. We see no merit in the appellant's complaint. The petition in this case was filed within three months after the injuries were received, in fact, it was filed within twenty-seven days. Even if the officials of the appellant might have been temporarily misinformed as to this particular accident they were sufficiently and timely advised as to the exact facts within the statutory period. A notice of a claim of injury against a municipality is necessary only if a suit is not commenced within the three-month period of limitation. Pardey v. Town of Mechanicsville, 112 Iowa 68, 72, 83 N. W. 828. In the instant case the giving of a notice to the municipality was not necessary in that the suit proper was commenced within the statutory period. Hall v. City of Shenandoah, 167 Iowa 735, 738, 149 N. W. 831. Inasmuch as the suit was commenced within the period of time given under the statute for the commencement of actions where no notice of injury has been served we hold that the appellant cannot maintain successfully its contention that appellee was estopped to change her claim as set out in the notice served on March 10, 1948. There was no prejudicial harm resulting to the city by reason of the first notice served in that the action for damages was properly commenced within the period of limitation provided by statute.

II. It is further claimed by the appellant that the appellee was guilty of contributory negligence and that the trial

court committed error in not so ruling. It is maintained that the appellee failed to sustain her burden of proof of freedom from contributory negligence.

The evidence relative to the appellee's pleaded freedom from contributory negligence must be considered in the light most favorable to her and it was for the jury to say whether or not she was exercising the same care and caution that an ordinarily careful and prudent person would have exercised under the same circumstances. Smith v. City of Hamburg, 212 Iowa 1022, 1026, 237 N.W. 330. The appellant calls attention to the following portion of appellee's testimony. "Well, I stepped up on a bump and lost my balance and tried to catch myself and I whirled myself around facing the other direction * * * turned around and slid, just slid clear around." The appellant further calls attention to the fact that the witness testified she was going rather slow picking her way carefully and that the whole walk was bumpy as she was going down the center of it. Appellant contends that this evidence shows a lack of freedom from contributory negligence.

We cannot construe this testimony in the manner as contended by the appellant. Under our previous holdings it was for the jury to determine whether or not the appellee was guilty of contributory negligence under all the circumstances. Ahern v. City of Des Moines, 234 Iowa 113, 118, 12 N.W. 2d 296, and cases cited.

The fact that the appellee may have had knowledge of the condition and character of the walk before passing over it is not conclusive evidence of contributory negligence. Geagley v. City of Bedford, 235 Iowa 555, 561, 16 N.W. 2d 252, 256. In this last cited case it is stated:

"The test seems to be whether a plaintiff, knowing of the dangerous condition, believes and has a right as a reasonably prudent person to believe that by the exercise of ordinary care the dangerous place may be passed in safety. Nichols v. Incorporated Town of Laurens, 96 Iowa 388, 65 N.W. 335; Graham v. Town of Oxford, 105 Iowa 705, 75 N.W. 473."

Under the record as reviewed by us we cannot hold that the

appellee was guilty of contributory negligence as a matter of law. This question was properly submitted to the jury.

III. It is particularly urged by appellant that appellee failed to sustain her burden of proving the appellant city was negligent in failing to exercise reasonable care to see that the sidewalk in question was maintained in a reasonably safe condition. It is contended that appellee failed to prove the city had notice, either actual or constructive, of the claimed dangerous condition of the walk.

We shall not again review the evidence in passing on this contention of the appellant. From the facts previously related it will be observed a witness for the appellee testified that until March 4 there were big pieces of snow along the walk which after they melted became ice lumps and made it rather "cobbled in texture." This witness further testified, on cross-examination, that the walk had not been entirely cleaned and the snow may have melted some. It is true certain witnesses testified that the walk was slippery on the day of the accident and that it had been previously cleared of snow. However, it is our conclusion there was ample evidence from which the jury could find that from the time of the first snow on the night of February 29 until the day of the accident the snow had not been entirely removed from the walk and it continued rough and bumpy. Even if it is admitted there had been some melting and freezing, making the walk slippery, this would only aggravate the dangerous rough and uneven condition due to the snow yet remaining on the walk.

It is our conclusion that it was a question for the jury to determine whether the walk had been entirely cleaned after the night of March 1 and as to its condition during the period in controversy. In Parks v. City of Des Moines, 195 Iowa 972, 975, 191 N.W. 728, 729, in commenting on a situation somewhat similar to the instant case this court stated:

"It is contended by appellant that not more than one or two days had elapsed from the time the walk became dangerous, if it was so, before plaintiff fell. But the evidence shows that, from a time soon after the snow fell, for substantially four days, because of the travel and tramping over the snow, and the thawing and

freezing, it had become packed and icy, and was rough, rounded, uneven, and in a condition substantially different from the way the snow fell naturally. A jury could have found from the evidence that during this entire time such was the condition, though it may have changed somewhat from day to day. They could have found that such was the condition at the time plaintiff fell. The evidence is by no means conclusive that the condition of the walk which resulted in plaintiff's fall was caused by a thaw within a day or two prior thereto which materially changed the rough and dangerous condition, which, as said, had existed for at least four days. At least, the question was for the jury."

We are justified, under the record, in holding that sufficient time had elapsed to give the appellant city constructive, if not actual, notice of the condition of the walk.

IV. The appellant, as further grounds for a reversal, claims error on the part of the trial court in its refusal to sustain appellant's motion for a directed verdict, its motion in arrest of judgment, its motion notwithstanding the verdict and its motion for a new trial. The matters incorporated in these several motions have been commented on heretofore in this opinion.

We therefore affirm.—Affirmed.

HALE, C. J., and OLIVER, GARFIELD, SMITH, and BLISS, JJ., concur.

MANTZ, J., not sitting.