Mary Anderson, appellee, v. City of Sioux City, appellant.

No. 47788.

(Reported in 45 N.W. 2d 845)

February 6, 1951.

140

M. E. Rawlings and Geo. F. Davis, both of Sioux City, for appellant.

Clem & Miller, of Sioux City, for appellee.

MULRONEY, J.—Mrs. Mary Anderson broke her leg when she fell on an ice-covered sidewalk in the business section of Sioux City. In her suit against the city she recovered a judgment in the sum of $510.20. The errors relied upon in the city's appeal are (1) that the evidence shows plaintiff guilty of contributory negligence as a matter of law and (2) plaintiff failed to establish the city was negligent. These were the two grounds of the city's motion for directed verdict, which the trial court overruled.

Plaintiff, who was twenty-nine years of age, lived in Sioux City, Iowa. She testified as follows: About 6:30 p.m. on January 3, 1949, she came out of a restaurant located on the west side of Pearl Street between Fifth and Sixth Streets. She walked north and started across an alley that crosses the sidewalk. It had been raining all day and about three o'clock it had started to snow. The sidewalk where it was crossed by the alley was rough and ridged and there were lumps and bumps and holes where people had been crossing. She was wearing rubbers or zippered boots and she was walking slowly and looking where she was going. She had not walked over this crosswalk prior to January 3. As she took a step into the alleyway crossing she stepped on the ridges and lumps and fell and broke her leg. She tried to get up but fell again and in a moment a passer-by, Mr. Streeter, hearing her call for help came to her assistance. When Mr. Streeter had helped her up, plaintiff's husband arrived and plaintiff was taken to the hospital.

Mr. Streeter testified that he saw her fall, heard her cry for help, and helped her up. He said that at the time she fell the crosswalk across the alley where she had fallen was icy and rough and that there were no ashes, sand or gravel on the crosswalk when she fell. He also testified that the week before when he last had occasion to walk over this crosswalk it was icy and rough from people walking and cars passing over it. He said it had rained some during the day but it was snowing at the time she fell.

Plaintiff's husband testified that at the time his wife fell the crosswalk was icy and very rough and irregular; that two or three days before when he had last walked that way the crosswalk was covered with frozen ice that was rough and irregular from people and automobiles traveling over it; and that for two or three weeks there had been rough ice on the crosswalk. He also said there were no ashes, sand or gravel on the crosswalk.

The weather bureau summaries show there had been about three inches of snow in approximately the two-week period before January 3 and alternately freezing and thawing temperature. December 28 was the last day the temperature rose above freezing until January 3 and on the latter day it rose above freezing at 10 a.m., and it remained above freezing for the remainder of that day.

The city's evidence consisted of the testimony of its street foreman who merely testified that he had a crew of five or six men who started out early every day to clean or sand such crosswalks in the business district. He said he made the rounds of the business district every day to see the condition of the sidewalks. He was unable to say that he had seen any sand on the crosswalk in question. His evidence was merely that if the crosswalk needed sanding it would have been done if his crew did what they were supposed to do.

The city's other witness was a highway patrolman who took plaintiff to the hospital. He merely said it had rained most of the day but it turned to snow in the evening and when he took plaintiff to the hospital the streets were becoming slick.

I. The foregoing is the entire record of testimony. The city's argument under the first assignment of error starts with an argument that plaintiff knew or is charged with knowledge of the dangerous condition of the crosswalk. The city admits such knowledge will not conclusively convict her of contributory negligence. The city recognizes and cites the rule of Beach v. City of Des Moines, 238 Iowa 312, 323, 26 N.W.2d 81, 87:

"* * * that knowledge of defects in a sidewalk, alone, is not sufficient to bar a pedestrian of recovery for injuries caused by such defects. It must also be shown that the injured person knew, or as an ordinarily prudent and careful person should

have known, that it was imprudent to try to pass over the sidewalk."

The city also quotes the test laid down in Geagley v. City of Bedford, 235 Iowa 555, 561, 16 N.W.2d 252, 256, as follows:

"The test seems to be whether a plaintiff, knowing of the dangerous condition, believes and has a right as a reasonably prudent person to believe that by the exercise of ordinary care the dangerous place may be passed in safety."

The city's argument proceeds to point out that the burden was on plaintiff to introduce evidence as to her belief that she could cross the place in safety and evidence of "acts of care she performed in attempting to pass safely." The city's position is that this burden was not sustained and therefore there was no evidence from which a jury could find she was free from contributory negligence. The evidence is that it was dark and plaintiff said she had never been over this place in the sidewalk before. But assuming there was sufficient light in this business section for plaintiff to see the general condition of the crosswalk, still we do not believe a fatal deficiency in her case exists merely because she failed to testify that she believed she could pass over the crosswalk in safety. Such testimony of her state of mind as she started across would add but little to her case. It is evident she thought she could get across. The testimony is that she did start across and the issue for the jury was whether she, as an ordinarily prudent person, had a right to think she could get across by the exercise of ordinary care.

This was a sidewalk in the business section of the city where people were expected to walk. The jury could find she believed the crosswalk was safe to travel over. Evidence that she walked slowly on such a sidewalk and watched where she was going is evidence that she believed she could traverse the crosswalk in safety. It is just as strong a showing as if she stated her belief. In similar cases we have held such evidence sufficient to show freedom from contributory negligence without the affirmative statement that plaintiff thought or believed he could cross the defective place in safety. See Gates v. City of Des Moines, 240 Iowa 775, 38 N.W.2d 96; Gregg v. Town of Springville, 188 Iowa 239, 174 N.W. 23.

■ II. The same is true with respect to the argument that plaintiff failed to show what acts of care she performed in attempting to pass over the crosswalk. She testified she walked slowly and looked where she was going. But in any event, the suggestion that there must be direct proof of acts of care runs counter to our past decisions. In Gregg v. Town of Springville, supra, at page 246 of 188 Iowa, page 25 of 174 N.W., we held:

"Direct affirmative proof of particular acts constituting due care by the plaintiff was not required. It is sufficient if, upon all the facts and circumstances of the case, the jury could reasonably find that plaintiff was exercising the reasonable care of an ordinarily prudent person * * *."

This disposes of the city's entire argument on the first error asserted. We hold the evidence is sufficient to support a finding by the jury that plaintiff was not negligent.

■ III. There is no merit in the argument that the record was insufficient to carry the issue of the city's negligence to the jury. Plaintiff makes no claim that the rough and icy condition of the crosswalk that caused plaintiff to fall was the result of the rain which turned to snow in the late afternoon of January 3. The evidence would warrant a conclusion that the snow and alternate freezing and thawing, all prior to December 29, and the traffic across the crosswalk had caused the rough icy condition. This condition, under the evidence most favorable to plaintiff, had existed long enough for the city to have had constructive notice. Parks v. City of Des Moines, 195 Iowa 972, 191 N.W. 728; Geagley v. City of Bedford, 235 Iowa 555, 16 N.W.2d 252.

The cause is affirmed.—Affirmed.

All JUSTICES concur except MANTZ, J., not sitting.