**Myrtle Sophia HOVDEN, Appellant Cross-Appellee,**

v.

**CITY OF DECORAH, Iowa, Appellee Cross-Appellant, Thursten and Martha L. Kjohe, (Not appearing).**

**No. 52588.**

Supreme Court of Iowa.

Jan. 9, 1968.

Strand & Kiener, Decorah, for appellant cross-appellee.

Miller, Pearson & Gloe, Decorah, for appellee cross-appellant.

STUART, Justice.

Plaintiff brought this action to recover damages from the City of Decorah for injuries resulting from a fall on a public sidewalk on March 5, 1966. She alleged defendant was negligent in allowing ice, snow, and slush to accumulate for an unreasonable period of time on a public sidewalk contrary to 389.12 of the Iowa Code. The jury, after deliberating twenty-three minutes, returned a verdict for the plaintiff in the full amount asked, $10,000. Defendant filed a motion for Judgment Notwithstanding the Verdict and, in the alternative, a Motion for a New Trial. The trial court overruled defendant's motion for judgment notwithstanding but granted a new trial. Plaintiff appealed from the trial court's ruling on the motion for new trial and defendant cross-appealed from the ruling on the Motion for Judgment Notwithstanding the Verdict.

We shall discuss only defendant's cross-appeal as our determination of this issue disposes of the entire case.

■ I. There does not seem to be any serious dispute between the parties as to the applicable law. The city has a duty under section 389.12 of the code to exercise reasonable care to keep its sidewalks in a reasonably safe condition. Allen v. City of Ft. Dodge, 183 Iowa 818, 821, 167 N.W. 577; Tillotson v. City of Davenport, 232 Iowa 44, 49, 4 N.W.2d 365. Mere slipperiness caused by ice or snow remaining in its natural condition is not ordinarily a defect in a sidewalk for which a municipality may be held liable. Staples v. City of Spencer, 222 Iowa 1241, 1245–1246, 271 N.W. 200; Tollackson v. City of Eagle Grove, 203 Iowa 696, 698, 213 N.W. 222; Parks v. City of Des Moines, 195 Iowa 972, 977, 191 N.W. 728; Ray v. City of Council Bluffs, 193 Iowa 620, 623, 187 N. W. 447; Gregg v. Town of Springville,

188 Iowa 239, 242, 174 N.W. 23; Evans v. City of Council Bluffs, 187 Iowa 369, 375, 174 N.W. 238; Allen v. City of Ft. Dodge, 183 Iowa 818, 821, 167 N.W. 577; Tobin v. City of Waterloo, 131 Iowa 75, 76–77, 107 N.W. 1031.

■ However, if the municipality has permitted snow or ice to remain on a sidewalk until it has become so ridged, rough and uneven that it is dangerous for a pedestrian to walk on exercising ordinary care, liability may be imposed; provided the municipality has actual or constructive notice of the condition of the walk and has had a reasonable opportunity to remedy such condition. Anderson v. City of Sioux City, 242 Iowa 139, 143, 45 N.W.2d 845; Gates v. City of Des Moines, 240 Iowa 775, 780, 38 N.W.2d 96; Geagley v. City of Bedford, 235 Iowa 555, 560, 16 N.W.2d 252; Franks v. City of Sioux City, 229 Iowa 1097, 1099–1100, 296 N.W. 224; Staples v. City of Spencer, supra; Wilson v. City of Clinton, 204 Iowa 1183, 1185, 216 N.W. 698; Tollackson v. City of Eagle Grove, supra; Parks v. City of Des Moines, supra; Ray v. City of Council Bluffs, supra; Gregg v. Town of Springville, supra; Evans v. City of Council Bluffs, supra; Allen v. City of Ft. Dodge, supra; Tobin v. City of Waterloo, supra; see also 8 Drake Law Review 149.

■ The length of time sufficient to constitute constructive notice of the condition and a reasonable opportunity to remedy it depends on the facts and circumstances of each case and is generally a question for the jury. Parks v. City of Des Moines, supra; Tillotson v. City of Davenport, supra. We therefore examine the evidence in the light most favorable to plaintiff to determine if it was sufficient to create a jury issue on the questions of constructive notice of and reasonable opportunity to remedy the defect.

Plaintiff left her home at 11:45 a. m. on Saturday, March 5, 1966, and was hurrying to the bank to pay her rent before it closed at 12:00 noon. She drove to an area known as the city parking lot. This area is directly east of a building housing the Kephart Music Center. State Street extends through this parking area joining North Alley on the north and Water Street on the south. A public sidewalk adjoins the east side of the Kephart Music Center and the west side of State Street which, at the time of the accident, had metered diagonal parking spaces abutting the sidewalk. Plaintiff parked her car in the 5th parking place from the south end of the parking area facing the sidewalk on which the accident occurred. She got out on the driver's side of her car and proceeded along the sidewalk, which was covered with about an inch of slush to some ice where she fell and was injured. Plaintiff stated the cause of her fall was the rough and uneven ice.

It was agreed by all concerned that the City of Decorah had no actual notice of the condition of the sidewalk at the time of the fall. The city had received no complaints about snow removal on March 4 or 5. It had no prior difficulty with dangerous snow or ice accumulations in this area. There was no evidence that any portion of the three inch snow on February 21 remained. Plaintiff does not so argue. There was an unusually warm period between February 19, 1966 and March 4, 1966.

Snow began falling during the late afternoon of March 4, 1966 and .31 of an inch precipitation was recorded by the weather bureau for that date. On March 5, a trace of snow was recorded. The owner and manager of the music center adjoining the walk where plaintiff fell, had shoveled the walk in front of his store on the morning of March 5, 1966 but did not shovel the sidewalk in question along the east side of his store because the city had always done it and he assumed it was their responsibility. The city records show that the only work done on Saturday, March 5, 1966 was two hours sanding intersections at stop signs. The sidewalk and parking lot were slushy immediately before plaintiff fell and the snow was melting at the time of the accident. It had been snowing off and on all morning of March 5, 1966 and it was still snowing when Mr. Kephart took Mrs. Hovden to the hospital immediately after her fall.

There seems to be an almost unlimited number of cases against municipalities for injuries sustained in falls on icy sidewalks.

The closest case on the facts is Batie v. City of Humboldt, 228 Iowa 528, 532, 292 N.W. 857. There snow began falling at 3:00 a.m. on January 13th. It stopped about noon. Plaintiff fell on icy footprints made from slush about 3:00 p.m. on the same day. There was no claim of actual knowledge of the condition. We said:

"Under the factual situation shown, in order that constructive notice to the city could be imputed, it was necessary to prove that the alleged defective street condition existed for such length of time that the city, in the exercise of reasonable care, would have discovered and would have had reasonable opportunity to remedy it. Spiker v. City of Ottumwa, 193 Iowa 844, 186 N.W. 465. Appellant contends that the jury could have found that the city must have known or anticipated danger not later than the cessation of snowfall at noon, and that this afforded over three hours in which to ameliorate the icy condition by sanding the crossing. One difficulty with this fixing of a stated period is that to adopt it one must assume what is not shown, that is, must take it for granted that a freezing temperature ensued

immediately upon cessation at noon of the period of wet snowfall and slush. There is no suggestion that the snowy slush created a dangerous condition. The claim is that when it became the rough and ridged ice which plaintiff claims she observed, then affirmative action for safety of pedestrians became the city's duty. There is such want of showing and indefiniteness as to when was that transformation, that we find no sound basis in the record on which to hold that imputed knowledge of and reasonable opportunity to remedy the alleged defect, could properly have been imputed by the jury to defendant city."

■ Plaintiff claims this case is stronger than Batie because the city assumed the obligation of an adjoining property owner to keep the sidewalk clean. Such contention is not helpful to plaintiff. The city has the primary responsibility for all sidewalks. The duty placed on the city by section 389.12 is greater than the common law duty imposed on the adjoining property owner. There is no common law duty on the owner to remove a natural accumulation of snow from a walk. Franzen v. Dimock Gould & Co., 251 Iowa 742, 101 N.W.2d 4, 8; Breuer v. Mataloni, 257 Iowa 445, 133 N.W.2d 114, 115–116; Mutzel v. Northwestern Bell Telephone Co., 247 Iowa 14, 72 N.W.2d 487; 8 Drake Law Review 153–155.

■ Evidence the city was sanding intersections the morning of plaintiff's fall is no proof the sidewalk in question was in a dangerous condition because of ice and snow made rough and uneven through artificial means. Nor does it prove actual knowledge on the part of the city. In fact, the court instructed the jury defendant had no actual knowledge of the alleged condition and plaintiff necessarily relied on constructive notice. No objection was taken and this instruction is now the law of the case.

Had there been proof the icy condition existed from the time the snow began to fall, the municipality would not have had a reasonable time within which to remedy the defect. The snow continued until after the accident.

Reuter v. Iowa Trust & Savings Bank, 244 Iowa 939, 943, 57 N.W.2d 225, involved the duty of a landlord to remove snow and ice from an outside entrance. The situations are analogous as the duty there, as here, is to use reasonable care to keep the premises (sidewalks) in a reasonably safe condition. We quoted with approval from Walker v. Memorial Hospital, 187 Va. 5, 45 S.E.2d 898, 902, where it was said:

"The authorities are in substantial accord in support of the rule that a business establishment, landlord, carrier, or other inviter, in the absence of unusual circumstances, is permitted to await the end of the storm and a reasonable time thereafter to remove ice and snow from an outdoor entrance walk, platform, or steps. The general controlling principle is that changing conditions due to the pending storm render it inexpedient and impracticable to take earlier effective action, and that ordinary care does not require it."

■ We think this is a reasonable rule which is applicable here.

■ We therefore hold the trial court erred in not sustaining defendant's Motion for Judgment Notwithstanding the Verdict as the evidence was insufficient to raise a jury question as to defendants' negligence (1) because there was no showing how long the dangerous condition of rough, uneven ice had existed, and (2) because under the evidence here the city would not have had a reasonable opportunity to remedy the condition even if it had existed from the prior evening.

We reverse the decision of the trial court on the cross appeal. It is therefore unnecessary to consider plaintiff's appeal.

Affirmed on plaintiff's appeal. Reversed on defendant's cross-appeal.

All Justices concur except BECKER, J., who dissents.