**IN THE COURT OF APPEALS OF IOWA**

No. 3-1117 / 13-0691
Filed February 5, 2014

**KAREN ROCHFORD and JUDE**
**ROCHFORD,**
    Plaintiffs-Appellants,

**vs.**

**G.K. DEVELOPMENT, INC.,**
    Defendant-Appellee.
_____

    Appeal from the Iowa District Court for Black Hawk County, Joel A. Dalrymple, Judge.

    The plaintiffs appeal the district court's grant of summary judgment to the defendant asserting an issue of fact exists regarding whether there was a storm at the time the plaintiff fell on the ice. **AFFIRMED.**

    Christopher F. O'Donohoe of Elwood, O'Donohoe, Braun & White, New Hampton, for appellants.

    James W. Bryan of Law Offices of Daniel Hansen, West Des Moines, for appellee.

    Heard by Danilson, C.J., and Vaitheswaran and Mullins, JJ.

**MULLINS, J.**

Plaintiffs, Karen and Jude Rochford, sued G.K. Development, owner of the College Square Mall in Cedar Falls, over injuries Karen sustained when she fell on an icy sidewalk outside the mall. G.K. Development filed a motion for summary judgment, asserting it was entitled to await the end of the storm before it attempted to remove the ice from the sidewalk. The district court agreed and granted the summary judgment motion. The Rochfords appeal asserting there remains a question of fact as to whether the weather event was in fact a storm that would excuse G.K. Development's failure to remove the ice on the sidewalk.

The deposition testimony of both Karen and Jude indicated that they remembered the weather to be cold and drizzly when they entered the mall around 2:00 p.m. on December 23, 2009. When they left two hours later, Karen became immediately aware of a change in the weather when the precipitation hit her in the face, and she noticed it had changed to freezing rain. Karen also noticed the parking lot had turned slushy. She acknowledged shuffling her feet to see if the sidewalk was icy when she first exited the mall. Someone had put pellet ice melt on the sidewalk immediately outside the mall entrance door, so the sidewalk was not icy in that location. As she walked down the sidewalk toward her vehicle, the sidewalk sloped down for handicap access approximately forty feet from the door. She did not see any ice melt on this part of the sidewalk and knew she had to be more cautious. Karen fell on the slope.

Karen submitted meteorological data from the date of the fall in her resistance to the summary judgment motion. She contends it shows the

temperature hovered right around thirty degrees, with freezing rain during the time she and her husband were in the mall. The wind speed was recorded ranging from twenty to twenty-five miles per hour with gusts recorded up to thirty-two miles per hour. The total precipitation recorded during this time was around 0.06 of an inch. The data also showed the freezing rain and mist continued until 10:30 p.m. when the temperature rose above freezing and the precipitation changed to rain.

In granting the summary judgment motion to G.K. Development, the district court relied on our supreme court's decision in *Reuter v. Iowa Trust & Savings Bank*, 57 N.W.2d 225, 227 (Iowa 1953), wherein the court approved of the Virginia court's adoption of the continuing storm doctrine:

> The authorities are in substantial accord in support of the rule that a business establishment, landlord, carrier, or other inviter, in the absence of unusual circumstances, is permitted to await the end of the storm and a reasonable time thereafter to remove ice and snow from an outdoor entrance walk, platform, or steps. The general controlling principle is that changing conditions due to the pending storm render it inexpedient and impracticable to take earlier effective action, and that ordinary care does not require it.

(citing *Walker v. Mem'l Hosp.*, 45 S.E.2d 898, 902 (Va. 1948)) (internal quotation marks omitted).

Karen asserts here, as she did in resistance to the summary judgment motion, that the weather event that day does not constitute a "storm" as described in *Reuter*, 57 N.W.2d at 227. She also contends that the evidence of ice melt on the sidewalk immediately outside the mall entrance shows that it was in fact expedient and wholly practical to deice the sidewalks while the weather event was ongoing. She contends it was improper for the district court to grant

summary judgment to G.K. Development when these fact issues remain unresolved.[1]

In granting summary judgment the district court stated, in part:

Although a question of fact exists as to whether a "storm" existed at the time of the injury, the Court interprets *Reuter* and the other relevant citations provided as a focus upon weather conditions consistent with the accumulation of ice as experienced in this instance. The Court finds that the general controlling principle as outlined above relating to the weather conditions due to the pending storm (a/k/a rain, drizzle, and subsequent accumulation of ice) renders it inexpedient and impracticable for the defendant to take earlier effective action until the conclusion of the storm and that ordinary care does not require it.

The district court appears to have decided as a matter of law that the undisputed facts of the weather event rendered it inexpedient and impractical for G.K. Development to have taken action before Karen's fall to remove the ice from the sidewalk and that it was not necessary to decide whether the facts fit the definition of a "storm."

---

[1] Karen also asserts that she holds the status of an invitee and is owed the highest duty of care. The supreme court abolished the distinction in the duty of care owed to invitees and licensees in *Koenig v. Koenig*, 766 N.W.2d 635, 643–44 (Iowa 2009). Instead, the court adopted a multifactor approach that imposes on all owners and occupiers of property "only the duty to exercise reasonable care in the maintenance of their premises for the protection of lawful visitors." *Koenig*, 766 N.W.2d at 645–46. The court considers the following factors when evaluating whether reasonable care has been exercised:

> (1) the foreseeability or possibility of harm; (2) the purpose for which the entrant entered the premises; (3) the time, manner, and circumstances under which the entrant entered the premises; (4) the use to which the premises are put or are expected to be put; (5) the reasonableness of the inspection, repair, or warning; (6) the opportunity and ease of repair or correction or giving of the warning; and (7) the burden on the land occupier and/or community in terms of inconvenience or cost in providing adequate protection.

*Id.* at 646. We therefore reject Karen's claim that she is owed the "highest" duty of care and impose on G.K. Development only the duty to exercise reasonable care.

In *Reuter*, the supreme court approved of the district court's grant of the defendant landowner's directed verdict motion. 57 N.W.2d at 228. The plaintiff had fallen on snow packed stairs about 5 p.m. in the evening. *Id.* at 226. The evidence showed the snow started falling in the morning and continued until sometime after the fall, "gaining in volume as the day progressed." *Id.* The court approved of its previous holding in the *Parson v. H.L. Green Co.*, 10 N.W.2d 40, 42 (Iowa 1943), wherein the court stated: "We cannot say that a failure to follow and remove immediately every deposit of snow that is brought into a building can reasonably be held to be a breach of duty which the inviter owes to an invitee and so constitutes negligence."

This doctrine was approved again by the supreme court in *Hovden v. City of Decorah*, 155 N.W.2d 534 (Iowa 1968), *superseded by statute*, 1984 Iowa Acts ch. 1002, § 1, *as recognized in Hopping v. College Block Partners*, 599 N.W.2d 703, 705 n.1 (Iowa 1999). There, the plaintiff fell on the city sidewalk covered in slush and ice. *Hovden*, 155 N.W.2d at 537. The court noted the snow started falling the afternoon before the fall, it was snowing off and on the morning of the fall, and it was still snowing when the plaintiff was taken to the hospital immediately after her fall. *Id.* The supreme court concluded the district court should have granted the defendant's motion for judgment notwithstanding the verdict as the evidence was not sufficient to raise a jury question as to the defendant's negligence because there was no showing how long the dangerous sidewalk condition had existed and the evidence showed the city would not have

had a reasonable opportunity to remedy the condition due to the continuing snow. *Id.* at 538.

While there is no Iowa case law that addresses how severe or significant the weather event has to be to qualify as a "storm," other jurisdictions have concluded that the continuing storm doctrine—or "storm in progress" doctrine— "is not limited to situations where blizzard conditions exist; it also applies in situations where there is some type of less severe, yet still inclement winter weather." *Glover v. Botsford*, 971 N.Y.S.2d 771, 772 (N.Y. App. Div. 2013). In *Convertini v. Stewart's Ice Cream Co.*, 743 N.S.Y.2d 782, 783 (N.Y. App. Div. 2002), the court applied the "storm in progress" doctrine to dismiss the plaintiff's claim on summary judgment where evidence showed "light freezing rain" fell for an hour the morning of the fall and had stopped just twenty minutes before plaintiff fell. The Virginia Supreme Court asserted "a storm does not have to be 'raging' in order for a business inviter to wait until the end of the storm before removing ice and snow." *Amos. v. NationsBank, N.A.*, 504 S.E.2d 365, 367–68 (Va. 1998) (affirming the setting aside of a jury verdict the despite plaintiff's testimony that there was only "light drizzle" at the time of the fall where the evidence overwhelmingly showed an ongoing ice storm with precipitation falling and freezing on the ground).

The evidence here establishes that at the time of the plaintiff's fall at around 4:00 p.m. freezing rain was falling and continued falling until around 10:30 p.m. when the temperature rose above freezing. This freezing rain resulted in the sidewalks icing over, leading to Karen's fall. The freezing rain had

not stopped before Karen's fall, so the landlord was not yet under a duty to take steps to remove the ice. Whatever this "weather event" is called, we find it was of sufficient significance to qualify for the application of the continuing storm doctrine. We affirm the district court's grant of summary judgment for G.K. Development as there was no factual issue to present to the jury. *See Underwood v. Estate of Miller*, No. 10-0052, 2010 WL 3503959, at *1 (Iowa Ct. App. Sept. 9, 2010) (finding the evidence generated a fact question about when the storm stopped so the case was properly submitted to the jury).

**AFFIRMED.**