**Freda Joan DUTCHER, Administrator of the Estate of Mitchell Dutcher, Appellant,**

v.

**Thomas W. LEWIS, Appellee.**

**No. 59391.**

Supreme Court of Iowa.

Dec. 21, 1977.

Davidson & Hemphill, Clarinda, for appellant.

Dippel & McCann, Council Bluffs, and Fraser, Stryker, Veach, Vaughn & Meusey, P. C., Omaha, Neb., for appellee.

Submitted to MOORE, C. J., and Le-GRAND, REES, UHLENHOPP and McCORMICK, JJ.

LeGRAND, Justice.

This appeal from defendant's verdict following a jury trial on plaintiff's claim for the wrongful death of her husband raises two issues. One pertains to an alleged wrongful voir dire examination of the jury and the other to a requested instruction which was rejected by the trial court. We affirm on both issues.

Mitchell Dutcher was a passenger in an automobile owned and driven by defendant, Thomas W. Lewis, at the time of an accident which caused his death. Suit for his wrongful death was brought by Freda Joan Dutcher, his surviving spouse and administrator of his estate. Prior to trial, Freda Joan Dutcher remarried and is now Freda Joan Perry.

■ I. The first issue raised concerns reference by defendant's counsel to Freda's new marital status during voir dire examination of prospective jurors. The specific error alleged is that counsel violated the trial court's order on a motion in limine filed by plaintiff prior to trial. We limit our consideration accordingly. We do not believe that complaint is justified. The order prohibited the defendant from mentioning the marriage in the examination of any witness, but specifically excluded from its terms the question of voir dire examination.

After a preliminary ruling on the motion in limine, the trial court reconsidered the matter and dictated the following order into the record:

"During the noon recess, the court has had an opportunity to reexamine the motion in limine and finds that [paragraph one of the motion asks only that counsel be admonished] not to question any witnesses as to the present name of Freda Joan Dutcher or as to the present spouse of Freda Joan Dutcher and that she should also be referred to as Freda Joan Dutcher, Administrator of the Estate of Mitchell Dutcher, deceased, and therefore after having reexamined the said motion and having reconsidered the motion in limine * * *, the court finds the same should be sustained as to any questions to be asked witnesses concerning * * *

[Freda Joan Dutcher's present marital status].

"The court further orders that paragraph four of said motion [relating to the examination of witnesses concerning Freda Dutcher's remarriage] should be sustained in its entirety, as the motion in limine nowhere refers to the voir dire examination of the jurors by the defendant's attorney. *The court is not ruling on that question.*" (Emphasis added.)

This is the order under which voir dire was conducted. It is clear the jury examination conducted by defendant's counsel did not violate its terms.

We find no ground for reversal on the basis urged. Our decision is limited to the issue as raised on this appeal. We express no opinion as to the extent to which, if at all, Freda's remarriage could have been brought to the jury's attention on voir dire if proper objection had been made. The authorities are divided on this question. *See* Annot. 87 A.L.R.2d 252, 260 (1963). Cases which permit disclosure of the surviving spouse's remarriage include *Dubil v. Labate*, 52 N.J. 255, 245 A.2d 177, 180 (1968) and *Watson v. Fischbach*, 54 Ill.2d 498, 301 N.E.2d 303, 306 (1973). For opinions holding otherwise *see Bradfield v. Administrator or Personal Representative of Estate of Thomas Burgess*, 62 Mich.App. 345, 233 N.W.2d 541, 543 (1975) and *Wiesel v. Cicerone*, 106 R.I. 595, 261 A.2d 889, 895–896 (1970).

■ II. The second issue concerns the instructions to the jury. Defendant had been drinking prior to the accident. There was also evidence that he had earlier been taking two drugs, valium and librium. The court submitted an instruction on the use of intoxicating liquor but withdrew from the jury's consideration the question of defendant's use of drugs. Plaintiff claims this was reversible error, relying on § 321.494, which provides as follows:

"The owner or operator of a motor vehicle shall not be liable for any damages to any passenger or person riding in said motor vehicle as a guest or by invitation

and not for hire unless damage is caused as the result of the driver of said motor vehicle being under the influence of an alcoholic beverage, a narcotic, hypnotic, or other drug, or any combination of such substances, or because of the reckless operation by him of such motor vehicle."

Plaintiff requested an instruction concerning defendant's combined use of alcoholic beverage and drugs. The refusal to submit the portion dealing with drug use, to which proper objection was made, is assigned as error.

■ Defendant testified he had not taken either drug for three or four days prior to the accident. Plaintiff argues the evidence shows defendant had a supply of both drugs available and that he was taking them regularly up to the very day of the accident. The record does not bear plaintiff out. The only evidence of drug use establishes defendant's supply of drugs, if taken as directed, would have been exhausted at least when defendant said he last ingested them. There was no evidence, either direct or circumstantial, to the contrary. Plaintiff simply failed to make an adequate record on defendant's alleged drug use. An issue without evidentiary support should not be submitted to the jury, and the trial court was right in refusing to do so. *See Stimmel v. Johnson*, 199 N.W.2d 356, 359 (Iowa 1972).

AFFIRMED.