**Bernadine SHANNON, Roger Tempus, and Tempus–Shannon Partnership, Plaintiffs–Appellants,**

**v.**

**Robert HEARITY, Defendant–Appellee.**

**No. 91–813.**

Court of Appeals of Iowa.

May 28, 1992.

Peter C. Riley of Tom Riley Law Firm, P.C., Cedar Rapids, for plaintiffs-appellants.

Mark J. Sullivan and Thomas McKay of Law Office of Reynolds & Kenline, Dubuque, for defendant-appellee.

Heard by HAYDEN, P.J., and SACKETT and HABHAB, JJ.

SACKETT, Judge.

This is an appeal from a directed verdict in a legal malpractice action. The issue is whether the trial court was correct in finding there was not substantial evidence to support a finding the plaintiffs suffered damages as a result of the attorney's alleged negligence. Plaintiffs did not introduce substantial evidence to support a finding they were damaged. We affirm the trial court.

Plaintiffs-appellants Bernadine Shannon and Roger Tempus and Tempus–Shannon Partnership were engaged in grain and dairy farming. Plaintiffs were experiencing financial difficulties in early 1980. Plaintiffs contacted attorney Robert Hearity for legal assistance. According to the plaintiffs' evidence, defendant was instructed to file a Chapter 11 bankruptcy petition for the plaintiffs. The defendant did file the Chapter 11 bankruptcy petition. However, according to the plaintiffs' evidence, the defendant failed to file a reorganization plan and required documentation during the first 120 days after the bankruptcy petition was filed. According to the plaintiff's evidence, the plaintiffs had the exclusive right to make this filing during the 120–day period. Plaintiffs' position is that

as a result of the defendant's failure to make these filings, plaintiffs' bankruptcy was subsequently converted to a Chapter 7 bankruptcy. The plaintiffs contend, as a result of the conversion to a Chapter 7 bankruptcy, they were damaged.

The plaintiffs sued the defendant. The case was tried to a jury. After all the evidence was in, the trial court sustained the defendant's motion for a directed verdict. The trial court determined there was not sufficient evidence that plaintiffs were damaged as a result of the defendant's alleged negligence.

■ The plaintiffs appeal contending the trial court erred in directing a verdict against them. They claim they introduced sufficient evidence to show they were damaged and lost the opportunity to retain a farm in the reorganization.

We address the plaintiffs' claims they introduced substantial evidence to support their element of damages. We do not address the issue of whether had plaintiffs' attorney filed the required documentation within the 120–day period the plaintiffs would have been successful in obtaining a Chapter 11 reorganization.

■ A directed verdict is appropriate in cases where one or more elements of the claim is not supported by substantial evidence. *Oberreuter v. Orion Indus., Inc.*, 398 N.W.2d 206, 209 (Iowa App.1986). Any issue without evidentiary support should not be submitted to the jury for determination. *See Dutcher v. Lewis*, 260 N.W.2d 404, 408 (Iowa 1977). More than a mere scintilla of evidence is required to avoid a directed verdict. *See Petersen v. Farmers Casualty Co.*, 226 N.W.2d 226, 232 (Iowa 1975).

■ The burden to prove each and every element of the case is on the plaintiffs. In a legal malpractice action, the general measure of damages is the amount of loss actually sustained as a proximate result of the conduct of the attorney. *Dessel v. Dessel*, 431 N.W.2d 359, 362 (Iowa 1988); *Pickens, Barnes & Abernathy v. Heasley*, 328 N.W.2d 524, 525 (Iowa 1983).

■ To show they were damaged the plaintiffs must present evidence that would support a finding they would have obtained a superior result. *See Burke v. Roberson*, 417 N.W.2d 209, 212 (Iowa 1987). To show they would have obtained a result superior to the result they did obtain, plaintiffs must present evidence showing the difference between the result they would have realized if the Chapter 11 proceeding had been successful and the result of the Chapter 7 conversion. *See id.* at 212.

■ The fact the evidence does not say precisely what the plaintiffs lost does not necessarily exculpate the defendant. *See Burke*, 417 N.W.2d at 213. And evidence may be sufficient if damages cannot be calculated precisely but can be estimated. *See id.*

The plaintiffs first advance they have proved damages because they would not have filed a bankruptcy if they would not have benefited from the filing. In making this argument, the plaintiffs do not direct us to any evidence that shows plaintiffs did not benefit from the Chapter 7 bankruptcy and/or that the benefits from a Chapter 11 bankruptcy would have been greater than the benefits plaintiffs would have realized from a Chapter 7 bankruptcy.

We find nothing in the record showing the value of assets the plaintiffs claim to have lost as a proximate result of the defendant's negligence. There is no evidence of the value of assets plaintiffs actually retained and no evidence establishing a valuation of the assets the plaintiffs would have allegedly retained if they had gone through the Chapter 11 proceedings. There are no facts in the record to support plaintiffs' claim that they would have obtained a superior result under a Chapter 11 proceeding.

■ The plaintiffs' second argument is they have introduced substantial evidence of a lost opportunity. In addressing this issue and the issue of the sufficiency of the evidence to support a finding of damages, the plaintiffs' brief only makes one reference to the appendix. This reference cites us to only one page in the appendix. The evidence on this one page is the testimony

of a witness treated as an expert witness. The witness testifies to an analysis based on figures provided to the witness by Bernadine Shannon. Based on the figures provided by Bernadine Shannon, the expert made determinations of what the plaintiffs would earn if they had been allowed to retain a 200–acre tract of land following the bankruptcy. The expert determined the 200–acre farm would generate an income of approximately $51,850 a year. The expert determined it would take $20,851 to service the debt on the farm, and that there would be a profit of $31,000 per year from the plaintiffs' farming operation.

The plaintiffs have failed to direct us to any evidence of the figures provided the expert by Bernadine, and we have not found such figures. There is no valid basis for this witness's opinion absent evidence establishing the reliability of Bernadine's figures. Furthermore, there is no reasonable basis on this evidence from which damages can be inferred or approximated. The evidence in the record clearly establishes the plaintiffs had substantial losses from their farming operations in recent years. The expert did not consult prior years' tax returns in making the analysis. The expert's analysis did not consider the historical costs of the plaintiffs' operation. The projected profit figure did not take into account the cost of repairs, gas, fuel, oil, utilities, insurance, real estate taxes, labor, and machine hire. The expert was not certain whether the projected profit figure took into account the cost of transportation and the cost of purchased feed. Furthermore, there was no evidence of what the plaintiffs realized in profits after the conclusion of the Chapter 7 bankruptcy. The plaintiffs did not lay a proper foundation for the expert's opinion.

Evidence of damage may be considered substantial if there is a reasonable basis in the evidence from which an amount of damage can be inferred or approximated. *See Lakota Girl Scout Council, Inc. v. Havey Fund–Raising Management, Inc.*, 519 F.2d 634, 640 (8th Cir.1975); *Robinson v. Perpetual Serv. Corp.*, 412 N.W.2d 562, 567 (Iowa 1987); *Conley v.*

*Warne*, 236 N.W.2d 682, 687–88 (Iowa 1975); *Larsen v. United Fed. Sav. & Loan Ass'n*, 300 N.W.2d 281, 288 (Iowa 1981); *Northrup v. Miles Homes, Inc. of Iowa*, 204 N.W.2d 850, 857 (Iowa 1973).

Looking at the evidence in the light most favorable to the plaintiffs, the evidence only suggests plaintiffs, who have suffered losses in prior years' farming, can take a 200–acre farm that is totally encumbered and has less than seventy-five tillable acres and make a profit from the operation of that farm of $30,000 annually. Iowa recognizes where there is uncertainty or speculation whether damages have been suffered, recovery should be denied. *Patterson v. Patterson*, 189 N.W.2d 601, 605 (Iowa 1971); *Orkin Exterminating Co. v. Burnett*, 160 N.W.2d 427, 430 (Iowa 1968). The evidence introduced by plaintiffs is only speculative. It is not substantial support for plaintiffs' claim of damage. We affirm.

AFFIRMED.